# Western Railway of Alabama v. Irwin

## Damages for Setting Out Fire.

(Decided Nov. 14, 1911. 56 South. 768.)

1. *Pleading; Averments; Alternative Allegation.*—Where a cause of action is stated in the alternative, and either alternative is insufficient, the complaint is bad.

2. *Railroads; Setting Out Fire; Complaint.*—In an action against a railroad for setting out fire, thereby destroying property, a complaint which alleges that the employes of the company while acting in the line of their employment, "or under instructions from their superior," set fire to combustible material on the right of way, and negligently permitted the fire to spread to the land of plaintiff, thereby destroying certain named articles of property, is fatally defective because it fails to show that the superior ordering employes to set out the fire had actual or apparent authority to make the order and bind the company.

3. *Appeal and Error; Harmless Error; Pleadings.*—Presumption of injury arises when error is shown and a reversal follows unless the record rebuts the presumption of injury.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

37 CA.

Action by Oscar G. Irwin against the Western Railway of Alabama. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint was as follows: (1) Plaintiff claims of defendant $1,000 as damages, for that heretofore, to wit, on the 28th day of October, 1909, the defendant was the owner of a certain railroad and right of way extending from Montgomery to Selma, Ala., and extending along the side of and adjoining certain land belonging to plaintiff in Lowndes county, Ala.; that on said day an employe or employes of the defendant, while acting in the line of their employment or under instructions from their superior, set fire to the dry grass and other growth upon the said right of way, and near plaintiff's said land, and negligently permitted said fire to spread over said right of way to the said lands of this plaintiff, and to certain hay belonging to the plaintiff, which was stacked upon said land at a distance of, to wit, 200 yards from said right of way, and which contained, to wit, 75 tons of hay; of the value of $1,000, and said hay was then and there totally destroyed by said fire." The other counts are similar in allegation, and describe more fully the conditions of the ground between the right of way and the hay, as to undergrowth, and also as to the dry condition.

The demurrers are: "It is alleged in the alternative that the employe or employes of the defendant acted in the line of their employment, or under instructions from their superior. There are no facts alleged which show that this defendant, or any one for whose acts or conduct it was responsible, negligently permitted said fire to spread to the lands of the plaintiff. It does not appear from said count that the superior of the employes of the defendant had any right or authority to

instruct such employes to set the fire in said count mentioned."

STEINER, CRUM & WEIL, for appellant. Alternative averments in pleadings render it bad unless each alternative is sufficient.—*Curran v. Armstead,* 101 Ala. 695; 5 May. 754; 6 Enc. P. & P. 268; *H. A. & B. Ry. Co. v. Dusenberry,* 94 Ala. 418; 161 Ala. 441.

BALL & SAMFORD, for appellee. Counsel discuss the errors assigned, but without citation of authority.

DE GRAFFENRIED, J.—This suit was brought by the appellee against appellant for damages because certain employes of the appellant set fire to dry grass upon the right of way of appellant, and negligently permitted the fire so set by them to spread to appellee's land and destroy a lot of hay, which was stacked about 200 yards from the right of way. There were several counts to the complaint, and in each count it is alleged that said fire was set upon the roadbed or right of way of the appellant by employes of the appellant, "while acting in the line of their employment or *under instructions from their superior.*"

When a cause of action is stated in a complaint in the *alternative,* if either alternative is insufficient, the whole count is bad.—*Mayor and Aldermen of Huntsville v. Ewing,* 116 Ala. 576, 22 South. 984. If the words "or under instructions *from their superior*" are stricken from the complaint in this case, the complaint is good, but so long as they remain in the complaint it is bad.

For aught the complaint shows, the employes who set fire to the grass on the right of way of appellant were its laborers in a bridge gang, having nothing to do with

[Western Railway of Alabama v. Irwin.]

the right of way of appellant whatsoever, except in so far as the construction of bridges is concerned, and for aught the complaint shows the *superior* who ordered the grass to be set on fire was the foreman of a bridge gang, who had no authority, actual or apparent, to make such order. The law requires a complaint to state with certainty a cause of action, and for the above reasons, under one of the alternative averments of the complaint, a cause of action is not plainly stated. The alternative averment, to which reference is had, fails to state that the superior who made the order was acting within the actual or apparent line or scope of his employment at the time the order was made, and for that reason is vicious.

It is probable that no injury was actually done the appellant by the defective condition of the complaint, but the law says that the presumption of injury arises whenever error is shown, and, unless the record affrmatively rebuts the presumption of such injury, a reversal of the judgment should follow. To quote the language of Lord Coke: "We will not change the law which always hath been used. It is better that it be turned to a default than the law should be changed or any innovation made." 2 Coke upon Littleton, 282b.

Reversed and remanded.