# Rose *v.* Lewis.

*Breach of Contract.*

(Decided Dec. 17, 1908.　48 South. 105.)

1. *Sales; Validity of Contracts; Assent of Parties.*—It is no defense to an action for a breach of contract that the contract of sale contained an item which the defendant alleges that he did not know of or inadvertently overlooked at the time it was executed, in the absence of fraud or misrepresentation on the part of the buyer, or inability of the seller to read.

2. *Trial; Order of Proof.*—The plaintiff may offer evidence in rebuttal of defendant's evidence in support of a defense, notwithstanding that in making out his case, plaintiff's evidence incidentally related to matters set up as such defense.

3. *Sales; Performance of Contract.*—Where the contract for sale of lumber was silent as to who should charter the boat, but provided that the lumber should be shipped by boat, the contract was complied with if the boat was ready at the time stated, without regard to who should furnish it.

4. *Custom and Usage; Explanation of Contract.*—Where the contract of sale provided that the buyer must furnish a confirmed bank credit, but is silent as to the time when it should be done, if there is a general custom in such business, it may be shown; but such custom cannot be shown by evidence of particular transactions.

5. *Witnesses; Contradiction; Custom.*—A witness may be contradicted by evidence of particular transactions when he has testified to the general custom as to similar transactions.

6. *Sale; Credit; Time to Furnish.*—Where the contract is silent as to the time such evidence of credit should be furnished, but requires the buyer to furnish evidence of a bank credit, the law fixes the time as a reasonable one, in the absence of a general custom.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Assumpsit by Alfred Rose against James A. Lewis. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

PILLANS, HANNAW & PILLANS, for appellant. The court erred in overruling plaintiff's demurrer to pleas alleging fraud, and in refusing plaintiff's fifth requested instruction.—*Whiting v. Davidge,* 23 App. Dec. 156;

*Crim v. Crim,* 85 Am. St. Rep. 521; *Grim v. Griffith,* 73 N. E. 198; *Powers v. Powers,* 80 Pac. 839. The court should have sustained the demurrers to plea A to the 11th and 12th, counts. Chitty on Pleading pp. 572-73; *Burns v. Moragne,* 128 Ala. 493; Addison on Contracts (8th ed.) star page 1220; Clark on Contracts, p. 674. The court erred in permitting Kimball to testify as to a conversation between Crossley and Lewis, in Rose's absence.—*Barker v. Coleman,* 35 Ala. 221; *Motes v. Bates,* 80 Ala. 382. The court erred in permitting Kimball to testify as to what Lewis said as to the item of 200,000 feet of lumber.—*Alexander v. Handley,* 96 Ala. 220; *Woodruff v. Winston,* 68 Ala. 412; *Smith v. Flagg,* 46 Ala. 624; *Espalla v. Richard,* 94 Ala. 159; *Gordon v. Clapp,* 38 Ala. 357. 16 Cyc. 1202-4.

GREGORY L. & H. T. SMITH, for appellee. The fact that the party signing the contract could read does not deprive him of the right to set up as a defense a fraud by which he was induced to enter into the contract without reading it.—*Beck et al. v. Houppert,* 104 Ala. 506; *Bank of Guntersville v. Webb,* 108 Ala. 132. The fraudulent insertion in a paper furnished as a true copy of another may operate as such a fraud or misrepresentation as will avoid the contract.—*Paysant v. Ware,* 1 Ala. 160; *Waddell v. Glassel,* 18 Ala. 561. The demurrer to Plea A is a mere general demurrer.—*Ryal v. Allen,* 143 Ala. 227; besides it was addressed to only a part of the plea.—*Little v. Marx,* 146 Ala. 620. Where one party is unable to perform a condition precedent on his part, the other party is discharged from the contract.— *Drake v. Goree,* 22 Ala. 415; Clark on Contracts, 649. Testimony irrelevant at the time of its introduction is rendered relevant by the introduction of other testimony, if it was error in the first instance the error is cured.—*Allen v. The State,* 134 Ala. 164; *Scott v. The*

*State,*, 30 Ala. 503; *Bell v. Chambers,* 38 Ala. 660; *Robinson v. Allison,* 36 Ala. 525. Particular transactions are never admissible to prove custom.—*Syson & Co. v. Hieronymus,* 127 Ala. 489.

DOWDELL, J.—The contract sued on was in writing and signed by the parties. The second plea was an attempt to set up fraud in the execution of the contract. It is alleged that the plaintiff, by whom the contract was drawn, fraudulently inserted in the schedule of lumber items contained in the contract an item of 200,000 feet of lumber at $15 per thousand, which the defendant had not agreed to sell at that price. There is no pretense of the existence of any confidential relations between the parties. The parties were dealing at arm's length with each other. There is no charge of any false statements or fraudulent misrepresentations, made by the plaintiff and relied on by the defendant, inducing an execution of the contract. There is no pretense of inability on the part of the defendant to read, nor is it pretended that in fact he did not read the contract before signing and executing the same. The allegations of the plea are insufficient to avoid the contract on the ground of fraud in its execution. That the defendant did not know that the said item was in the contract, or that he inadvertently overlooked it when he signed the contract, was his own fault. In the case of *Union v. Tribilcock,* 91 U. S. 45, 50, 23 L. Ed. 203, it was said by the court: "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract;

and, if he will not read what he signs, he alone is responsible for his omission." The defendant says by his plea that the proposal reported to him as accepted by the plaintiff was for 1,620,000 feet of lumber at $15 a thousand, and that in this amount of lumber, made up with various items, the 200,000 feet of more costly lumber was inserted by the plaintiff in drawing up the contract. The contract on its face describes the lumber and gives the total number of feet of the several items, which was 1,820,000. It is palpable that a reading of the contract would disclose the 200,000 feet to which the defendant makes objection, and it is not shown that the plaintiff practiced any artifice to prevent the defendant from discovering that the 200,000 feet described was included in the contract. In *Goetter, Weil & Co. v. Pickett,* 61 Ala. 387, 391, it was said by this court: "A party having full capacity and opportunity to read a paper and to whom there is no misrepresentation of its contents, cannot set up his own want of attention—his failure to read it—as a fact to invalidate it"—citing other cases. The second plea was bad, and the demurrer should have been sustained.

In making out his case on the introduction of evidence, the plaintiff is not required to anticipate the defendant's evidence. He meets all of the requirements when by his own evidence he establishes a prima facie right of recovery, whereupon the defendant is put to his defenses. If, in making out a prima facie case by the plaintiff, the plaintiff's evidence should incidentally relate to matters of defense set up in the pleas, this will not prevent the plaintiff from offering evidence in rebuttal of the defendant's evidence introduced in support of his pleas. The plaintiff should have been permitted to introduce his evidence in rebuttal of the defendant's evidence in reference to the alleged fraud in the execution of the contract.

[Rose v. Lewis.]

It was immaterial by whom the ship, which was to receive the lumber from the defendant, was to be chartered, or to whom consigned. As to this the contract was silent. It was a compliance with the terms of the contract when the ship was furnished and ready in the time fixed by the contract, no matter by whom chartered.

The contract required that the plaintiff should furnish a confirmed bank credit, but no time was specified within which this was to be done. In such a case it was competent for the plaintiff to show a general custom, if such existed, as to when the required bank credit should be furnished. But such general custom could not be shown by evidence of particular transactions, although evidence of particular transactions may be given to contradict a witness who has testified to a general custom.—*Syson & Co. v. Hieronymus,* 127 Ala. 489, 28 South. 967. If no general custom obtained, the contract being silent as to the time, then the law would imply a reasonable time, and this to be determined from the character and circumstances of the transaction. If, however, the defendant should repudiate the contract before the time required for furnishing the confirmed bank credit, this would absolve the plaintiff from any duty to furnish such credit.

There are other questions raised by the assignments of error on the record, but those considered above are the ones mainly relied on in argument by counsel for appellant; and for the errors indicated the judgment of the court will be reversed and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Anderson and McClellan, JJ., concur.