## PATTERSON v. CAMP. (8 Div. 548.)

(Supreme Court of Alabama. May 17, 1923.)

1. **Pleading** ⊂═⊃193(9)—**Objection to counts declaring on contract that general specifications and underwriters' rules were not exhibited not sustained.**

In an action for electrical work done ·under contract, it was no objection to counts declaring on contract that the general specifications and underwriters' rules in conformity with which the work was to be done were not also exhibited in that pleading.

2. **Contracts** ⊂═⊃335(2)—**Count declaring on contract stating performance "under" contract held not equivalent to allegation that work was done in accordance with contract.**

A count declaring on a contract alleging plaintiff did the work "under" the contract *held* demurrable as not averring facts showing plaintiff complied with the terms of the contract so as to recover for breach, such averment not being equivalent to an allegation that plaintiff did the work as required by or in accordance with the original or altered contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Under.]

3. **Limitation of actions** ⊂═⊃127(4)—**Amended counts held to relate to original suit and to have saved statute of limitations.**

Under Code 1907, § 5367, as to amendments, in an action for electrical work amended counts. *held* to relate to the bringing of the original suit, and thus save the statute of limitations.

4. **Interest** ⊂═⊃65—**Counts not charging interest not subject to demurrer for not stating same, date alleged in count claiming interest.**

Where interest was claimed only in count 21, from the date where it was alleged the balance on the contract is due, it was no ground of demurrer that such date is not averred in the other counts not claiming interest, namely, counts 19 and 20.

**5. Interest** ⬅️**65—Counts covering due dates in form prescribed by Code not subject to demurrer as not showing from what time interest is computable.**

Where due dates, from which interest was computed, were covered in the common counts substantially in the form prescribed by Code 1907, § 5382, Form 10, they were not subject to demurrer as not showing from what dates interest is claimed.

**6. Interest** ⬅️**39(5) — Interest computable only from last items or last day of months indicated.**

In counts for work and labor done or material, averred to have been furnished during several months, interest could be computed only from the last items or the last day of the months indicated or when due.

**7. Contracts** ⬅️**323(3)—Failure to give affirmative charge as to counts declaring on contract held reversible error where evidence did not support allegations in counts.**

Where, in an action for electrical work done, certain counts declared upon an express contract to wire defendant's home according to plans and specifications, and one of those counts set out the contract according to which all wires were to be installed according to underwriters' rules, but the uncontroverted evidence indicated that the wiring was not installed according to underwriters' rules, held, that the failure to give an affirmative charge as to the counts declaring on the contract was error.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by J. O. Camp against J. B. Patterson. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The cause was submitted to the jury on common counts, for work and labor done and materials furnished "during the months of August, September and October, 1920," and also counts on contract as follows:

"(19) Plaintiff claims of the defendant the sum of $1,658.05, damages, for that on or about the last day of July, 1920, the said plaintiff and defendant made and entered into a contract for the electrical wiring of the said defendant's home, at Lacon, Ala., by the plaintiff, according to certain plans and specifications and blueprints, held by the said defendant, and for which wiring of said house the said defendant contracted and agreed to pay the said plaintiff the sum of $1,658.05, and plaintiff avers that he performed his part of the said contract with the said defendant, in that he wired defendant's house according to the plans and specifications and blueprints, and the said defendant has failed to fulfill his part of the contract, in that said defendant has only paid the plaintiff the sum of $309.05, whereas his contract called for $1,658.05, and therefore the said defendant now owes the plaintiff the sum of $1,309.73.

"(20) Plaintiff claims of the defendant the sum of $1,309.73, damages, for that on or about the last day of July, 1920, the said plaintiff and defendant made and entered into a contract under the terms of which contract the said plaintiff was to do the electrical wiring in a house which defendant was building at Lacon, Ala., at and for the sum of $858.50, and which said amount defendant agreed to pay plaintiff for said wiring, and plaintiff avers that at the time this contract or agreement was made, that it was made upon certain plans and specifications of the new house, and plaintiff avers that after he had done considerable work on the house, that the said plaintiff caused the plans and specifications on said house, as to the electrical wiring, to be greatly changed and altered, so as to necessitate the doing of a great deal more work and wiring than was required under the original plans and specifications and blueprints, and plaintiff avers that he and defendant agreed that he (plaintiff) was to do the additional work, the sum proportionate to the work and pay under the original contract, and plaintiff further avers that he did and performed the electrical work and wiring under the original contract and also under the altered contract, and for said work the defendant agreed to pay him the sum of $1,560.95, but said defendant has only paid to him the sum of $300.95, leaving a balance due of $1,251.90, now due and unpaid under said original contract as altered.

"(21) Plaintiff claims of the defendant the sum of $1,619.78, damages for the breach of an agreement made and entered into on that last day of July, 1920, the substance as follows:

"'Albany, Ala., 5/15/1920.

"'J. B. Patterson, Lacon, Alabama—Dear Sir: According to plans and specifications, I will furnish all material and labor to wire your new home, including the four new lights not in blueprint, also wire garage with two lights, and three point switches. All wires to be in BX conduit and all work done according to underwriter's rules. For the sum of nine hundred and seventy-nine dollars and fifty cents ($979.50). Feeder lines to be run under ground to garage to basement.

"'Yours truly, J. O. Camp.'

"Except under the agreement, plaintiff was not to wire the garage, and the price was therefore to be reduced to the sum of $120. And plaintiff avers that said defendant accepted said contract and agreed to pay the price of $858.50. And plaintiff says that after this contract was made, that the defendant altered the plans and specifications so as to require the doing by him of considerable more electrical wiring on said premises, and after the change was so made in the plans and specifications the defendant agreed for the plaintiff to do the additional work on the same basis of pay per electrical outlets as provided in the original contract, and plaintiff says that, although he has complied with all the provisions of the agreement with defendant, the defendant has failed to comply with the provisions of his contract, and that he has failed to pay plaintiff for the work which plaintiff did under the contract as last altered, amounting to $1,658.05, except plaintiff admits that defendant is entitled to a credit of $309.05 thereon.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that the balance, $1,349.05, with interest, remains due and unpaid since November 1, 1920.

"Plaintiff avers that this work was completed by November 1, 1920, and that at that time the defendant owed him the money now sued for."

The third ground of demurrer is:

"In said count plaintiff claims interest, and no facts are averred which show from what date interest is claimed."

Charges 22, 23, and 24 were the general charges as to counts 19, 20, and 21.

Sample & Kilpatrick, of Hartsells, for appellant.

The evidence was undisputed that the building was not wired according to Underwriters' rules. The contract was therefore breached, and plaintiff was not entitled to recover the contract price under any count of the complaint. Catanzano v. Jackson, 198 Ala. 302, 73 South. 510; Walstrom v. Oliver-Watts Co., 161 Ala. 608, 50 South. 46; Hartsell v. Turner, 196 Ala. 299, 71 South. 658. While a recovery may be had under the common counts for work and labor and material, though the contract may not be specifically complied with, where the defendant accepts the work, in such case plaintiff can only recover the value of same to plaintiff. Davis v. Badders, 95 Ala. 348, 10 South. 222; Montgomery County v. Pruett, 175 Ala. 391, 57 South. 823. The wiring being done in defendant's residence, the subsequent occupation of the residence by defendant and use of the lighting appliances, without more, was not an acceptance of the work. Walstrom v. Oliver-Watts Co., supra.

Eyster & Eyster, of Albany, for appellee.

Counsel argue the question raised, but without citing authorities.

THOMAS, J. The complaint is in several counts—the common counts and declarations on contract. In count 21 the contract is set out in hæc verba.

[1] It was no objection to counts declaring on contract that the general specifications and underwriters' rules, in conformity with which the work was to be done, were not also exhibited in that pleading. George v. Roberts, 207 Ala. 191, 92 South. 1; Eskridge v. Brown, 208 Ala. 210, 94 South. 353.

[2] A breach is sufficiently averred in counts 19 and 21. The ground of demurrer—that "no facts are averred which show that plaintiff complied with the terms of said contract, so as to recover for breach of the contract"—should have been sustained to count 20. The averment is not the equivalent of that required—that plaintiff did the work as required by or in accordance with the original or altered contract. Non constat he did the work "under" the contract, and yet not in accordance with its terms or requirements. There was error in this ruling.

[3] The filing of the amended counts related to the bringing of the original suit and saved the statute of limitations. The attempt in counts 19 to 21, inclusive, is not for the purpose of fixing a lien on properties. Code 1907, § 5367; Plunkett v. Dendy, 197 Ala. 262, 72 South. 525; C. of Ga. Ry. Co. v. Camp Hill Trading Co., 208 Ala. 315, 94 South. 350; Ballenger v. Ballenger, 205 Ala. 595, 88 South. 826; Crawford v. Mills, 202 Ala. 62, 79 South. 456; L. & N. R. Co. v. Holmes, 205 Ala. 47, 87 South. 574.

[4-6] Interest only is claimed in count 21, from the date where it is alleged the balance on contract is due; and it was no ground of demurrer that such date is not averred in the other counts not claiming interest, to wit, in counts 19 and 20. The due dates are covered in the common counts that were substantially in Code Form 10, § 5382 (Code 1907), and hence not subject to ground of demurrer No. 3, as to interest. In counts for work and labor done, or material averred to have been furnished during several months, interest could be computed only from the last items or the last day of the month indicated, or when due.

[7] Counts on contract 19 to 21, inclusive, declared upon express contract to wire the house according to certain plans and specifications. In count 21 the contract is set out in hæc verba, containing the clause, "all wires to be in BX conduit and all work done according to underwriter's rules." There was no evidence that the contract was so executed; on the other hand, the uncontroverted evidence was to the effect that the wiring was not performed, constructed, or installed according to "underwriter's rules."

For the failure to give affirmative charges numbered 22, 23, and 24, requested in writing by defendant, as to counts declaring on contract, reversible error intervened.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.