(108 So. 610)

### WRIGHT v. J. A. RICHARDS & CO.
### (6 Div. 324.)

(Supreme Court of Alabama. April 11, 1926. Rehearing Denied June 10, 1926.)

**1. Electricity ⬅19(3)—Live wire, in position to come in contact with person on street, is prima facie evidence of negligence casting burden of proof on management.**

That live wire is down, in position to come in contact with person on street, is prima facie evidence of negligence, where no extraneous cause appears, casting on management burden of going forward with evidence tending to acquit itself of negligence (citing Words and Phrases, "Res Ipsa Loquitur").

**2. Electricity ⬅19(12)—Whether death was caused by contact with live wire, and whether deceased, by his negligence, proximately contributed thereto, held for jury.**

Whether death of plaintiff's intestate was caused by coming in contact with certain live wire, and whether deceased by his negligence proximately contributed thereto, *held* for jury in action for wrongful death.

**3. Trial ⬅62(2)—In action for death by contact with electric wire, in which defendants introduced evidence showing good condition of wire, testimony that insulation was off held proper in rebuttal.**

In action for death alleged to be caused by contact with electric wire, which was down, in which defendants introduced evidence showing good condition of wire and testimony that insulation was off, *held* to be proper rebuttal testimony, since burden was on defendants to proceed with proof of due care after plaintiff made prima facie case, and such evidence was in rebuttal of defendant's testimony along that line.

**4. Trial ⬅63(1)—In action for death by contact with electric wire, in which defendant showed good condition of wire, rebuttal evidence showing that witness had told defendant that insulation was off, and that latter made no repairs, held proper as against objection that it was not offered as part of original case.**

In action for death alleged to be caused by contact with electric wire, in which defendants introduced evidence showing good condition of wire and insulation, rebuttal evidence showing that witness had told defendant that insulation was off, and that latter made no repairs, *held* proper as against objection that it was not offered as part of original case, though some discretion was vested in court as to allowing new evidence in rebutting or redirect examination of such witness.

**5. Trial ⬅63(1)—Though "rebuttal evidence" is that which tends to meet affirmative case set up by defendant's testimony, it is not ground of objection that such evidence tends also to corroborate case made by plaintiff's evidence in chief.**

Though "rebuttal evidence" is that which tends to meet affirmative case set up by defendant's testimony, it is not ground of objec-

tion that such evidence tends also to corroborate case made by plaintiff's evidence in chief.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rebutting Evidence.]

**6. Trial ⬅62(1)—In case of doubt as to admissibility of rebuttal evidence, better rule is to admit material evidence and allow defendant to rebut any new matter therein.**

In case of doubt as to admissibility of rebuttal evidence, better rule is to admit material evidence and allow defendant to rebut any new matter therein.

**7. Electricity ⬅18(1)—Walking near ditch along sidewalk and falling in would not be "negligence" proximately contributing to death by contact with live wire not known to be down.**

Fact that one walked near ditch running along sidewalk, and inadvertently fell in, would not be "negligence" proximately contributing to his death by coming in contact with live wire by such fall, provided he did not know of presence of such wire, since "negligence" is want of ordinary care in avoiding danger known to him, or which it was his duty to know.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

**8. Electricity ⬅18(3)—Pedestrian, knowing live wire was down, hanging over ditch by sidewalk, held to have duty of care to avoid contact with it.**

Deceased, who knew live wire was down, hanging over ditch by sidewalk, and emitting sparks at end in contact with ground, *held* to have duty of care to avoid coming in contact with it, so that negligent passing in dangerous proximity to it or negligent falling against it would bar recovery.

**9. Electricity ⬅19(13)—Instructions predicating negligence of deceased on knowledge of presence of dangerous electric wire held proper under evidence.**

In action for death caused by contact with electric wire, instructions which predicated negligence of deceased on knowledge of presence and dangerous condition of wire *held* not error, where some evidence tended to show that he knew wire was down.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Action for damages for wrongful death by Dezzie Wright, as administratrix of the estate of Delbert Wright, deceased, against J. A. Richards & Co., a partnership, and the individual members thereof. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Charges 11 and 13, given for defendants, are as follows:

"(11) If you are reasonably satisfied from the evidence that defendants' wires were out of reach of Mr. Wright so long as he traveled along the sidewalk in the usual way, and that, if plaintiff's intestate was injured at all by de-

fendants' wires, it was because said intestate negligently went out of his way, and off the usual and customary traveled portion of the sidewalk, and voluntarily took hold of, or came in contact with, an electric wire, and that it was known by said intestate to be a high voltage electric wire, and likely to inflict serious bodily injury to him in case he came in contact therewith, and that he came to his injury as a proximate result thereof, you must find for the defendants."

"(13) If the jury are reasonably satisfied from the evidence that the wire was hanging about four feet from the edge of the sidewalk along which intestate was walking, and that said wire was hanging over and along a ditch six or eight feet wide at the top and about that depth, and that said ditch run along said sidewalk and very near thereto, and that, while standing upon, or walking along, said sidewalk, Mr. Wright was in a position of safety from said wire, and that he either negligently fell into said ditch or that he negligently put his hand upon said wire, and that he well knew that it was a live wire and charged with electricity, and that as a proximate result of said negligence received the injury which resulted in his death, you must find for the defendant."

Charge 1, refused to plaintiff, is as follows:

"(1) I charge you, gentlemen of the jury, that plaintiff's intestate (Delbert Wright) had the right to go, or walk, or be, upon any part of the sidewalk or roadway that he saw fit."

Foster, Rice & Foster, of Tuscaloosa, for appellant.

It is the duty of one conducting electricity of high and dangerous voltage over the streets of a town to use a high degree of care in seeing that the wires are kept in proper condition to prevent damage. A. C. G. & A. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Bloom v. Cullman, 197 Ala. 490, 73 So. 85; 9 R. C. L. 1217. The trial judge should not act as counsel for either party by raising objections which the party should make. Allegre v. Md. Ins. Co., 6 Har. & J. 408, 14 Am. Dec. 289. Charges 11 and 13 were erroneously given for defendants. Hollingsworth v. Martin, 23 Ala. 591; Waters v. Spencer, 22 Ala. 460; Eastis v. Montgomery, 95 Ala. 486, 11 So. 204, 36 Am. St. Rep. 227; 14 R. C. L. 786.

Bankhead & Bankhead, of Jasper, S. T. Wright, of Fayette, and Huey & Welch, of Bessemer, for appellees.

Whether or not deceased could have passed along the street in safety without coming in contact with the wire was for the jury. A. C. L. R. Co. v. Carroll, 208 Ala. 361, 94 So. 820; Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439; Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 669. The burden of proof is on one charging another with culpable negligence. In the absence of proof of actual negligence, evidence of due care by the defendant will make the case

one for the court, and the mere presumption in res ipsa loquitur will not be given the effect of evidence to raise a conflict for the jury. Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257; Bloom v. Cullman, 197 Ala. 490, 73 So. 85. Charges 11 and 13 are proper statements of law under the evidence in the case. B. R., L. & P. Co. v. Jackson, 198 Ala. 378, 73 So. 627; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Lapouyade v. N. O. R. & L. Co., 138 La. 237, 70 So. 110. Remarks by the court in expressing a ruling are not grounds for objection. W. U. T. Co. v. Howington, 198 Ala. 311, 73 So. 550; Cornett v. Brooks, 206 Ala. 566, 90 So. 787.

BOULDIN, J. In the construction and maintenance of high voltage wires over and along the streets of a city or town, the management is charged with a high degree of care for the protection of the public in the ordinary use of the streets. The duty of care is commensurate with the danger—a danger enhanced by the fact that the presence of the electric force is often invisible and may give no warning save by the deadly shock.

[1] That such live wire is down, in position to come in contact with a person upon the street, no extraneous cause appearing, is prima facie evidence of negligence, casting upon the management the burden of going forward with evidence tending to acquit itself of negligence. Res ipsa loquitur. Ala. City Ry. Co. v. Appleton, 171 Ala. 324, 331–332, 54 So. 638, Ann. Cas. 1913A, 1181; Western Union v. Jones, 190 Ala. 70, 74, 66 So. 691; Bloom v. City of Cullman, 197 Ala. 490, 496, 73 So. 85; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Sheffield v. Morton, 161 Ala. 153, 49 So. 772; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; Curtis' Law of Electricity, § 594, pp. 905, 906; 2 Joyce on Electricity, § 608, note, § 450, note 30; Ann. Cas. 1913D, 908; 20 C. J. 381, note 24; 9 R. C. L. 122, § 30; Words and Phrases, "Res Ipsa Loquitur."

The evidence was without dispute that the high voltage wire of defendants had parted and the detached end had fallen to the ground. No intervening cause appears other than the prevalence of rain, wind, and lightning the preceding night. No plea or claim is made that these were of such unusual violence as not to be reasonably expected and provided against by proper equipment and due care in maintenance.

[2] There was evidence tending to show that the deceased, while walking along the street, came in contact with this suspended wire and was killed. A discussion of the evidence on this issue in detail would not be fitting. Sufficient to say the issues as to whether death was caused by coming in contact with the wire, and whether deceased by his negligence proximately contributed thereto, were for the jury.

: After plaintiff rested her case, defendants introduced evidence tending to show due care in inspection and management, and good condition of the wire and its insulation at the place of the accident.

[3] After defendants rested, the plaintiff offered to prove by the witness Cantrell that, prior to and up to about the time of the accident, he had frequently observed the wires, where they ran through the branches of trees along where the accident occurred, "sparking" and "spitting fire," and that the insulation was off. The court sustained objection to this evidence upon the ground that it was not in rebuttal, holding that evidence of defective condition should have been offered as part of plaintiff's original case. In this the court was in error. The plaintiff having made a prima facie case of negligence on that issue, the burden was on defendants to proceed with proof of due care. The evidence of Cantrell was in rebuttal of such testimony.

[4] So, also, as to the evidence of John Humber, a witness for plaintiff in rebuttal. Having testified that some time before the accident he called attention of Mr. Donaldson, one of defendant partners, active in the business, to the fact that the insulation was off the wires where they were exposed to the limbs of trees about the place of the accident, and that he was in position to know, he was asked if any repairs were made after he gave such notice and prior to the accident. The court sustained objection to this evidence on the same ground. Some discretion was vested in the court as to allowing new evidence in the rebutting or redirect examination of this witness, but not on the ground expressly stated by the court, viz. that the evidence was refused because not offered at the outset before defendants offered their testimony.

[5] Rebuttal evidence is that which tends to meet the affirmative case set up by defendant's testimony. It is not ground of objection that such evidence tends also to corroborate the case made by plaintiff's evidence in chief. 1 Thompson on Trials, § 346; Rose v. Lewis, 157 Ala. 521, 48 So. 105.

[6] In cases of doubt, the better rule is to admit material evidence, giving defendant an opportunity to rebut any new matter that may appear in connection with plaintiff's rebuttal. The end is to get the truth of the case within that reasonable control which the court should exercise in the prompt disposal of causes, and the protection of parties against any trick or unfairness in withholding testimony which should be disclosed in the first instance.

[7, 8] It is true a pedestrian is entitled to use any portion of the street so far as concerns those maintaining overhead wires, and he is not chargeable with negligence by merely getting off the sidewalk or out of the usual course of travel, If walking along or near a ditch running along the sidewalk, and inad-

vertently falling in the ditch, this would not be negligence proximately contributing to his death by coming in contact with a live wire by such fall, provided he did not know of the presence of such wire. Negligence is the want of ordinary care in avoiding a danger known to him, or which it was his duty to know. But, if, as some evidence tended to show, deceased knew the wire was down, hanging above the ditch, and emitting sparks at the end in contact with the ground, the duty of care to avoid coming in contact with it arose. In such case a negligent passing in dangerous proximity to it, or negligently falling against it, would bar a recovery.

Charge 1, refused to plaintiff, ignores this phase of the evidence.

[9] Charges 11 and 13, given at defendants' request, predicate negligence of deceased upon knowledge of the presence and dangerous condition of the wire under each alternative stated therein. We find no error in giving these charges.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.