(130 So. 165)

## KAY v. DEAN et al.

### 8 Div. 72.

Court of Appeals of Alabama.
Oct. 7, 1930.

A. J. Harris, of Decatur, for appellant.

J. Marvin Kelley, of Hartselle, for appellees.

RICE, J.

The suit was on contract, and the complaint consisted of but a single count.

In the opinion in the case of Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 So. 479, our Supreme Court said: "In declaring

upon a contract, the pleader must either set out the contract literally or state its legal effect (Davis v. Campbell, 3 Stew. 319, 321), averring the facts showing defendant's obligation, and, if on parol contract, stating the consideration (B. R. L. & P. Co. v. Littleton [201 Ala. 141] 77 So. 565, 573)."

The complaint, here, was defective in very much the same way as that pointed out in the case of Patterson v. Camp, 209 Ala. 514, 96 So. 605. In other words, here, as there, "a count declaring on a contract alleging plaintiff did the work 'under' the contract (is) held demurrable as not averring facts showing *plaintiff complied with the terms of the contract* (Italics ours) so as to recover for breach, such averment not being equivalent to an allegation that plaintiff did the work as required by or in accordance with the original or altered contract."

As was said in the opinion in the case of B. R. L. & P. Co. v. Littleton, supra: "A cause of action is made up of a duty and a breach of it. * * * The former must be shown by the facts alleged in the declaration. * * * And though the breach of such duty may be averred by way of a conclusion, it does not follow that the existence of the duty may be averred as a conclusion."

The appeal, here, is on the record proper, without bill of exceptions. Measured by the rules of law we have adverted to, above, grounds of demurrer 3, D, and E, interposed to the complaint, were each well taken, and should have been sustained.

For the error in overruling appellant's demurrers, as indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.