144 So. 21

## SOUTHERN BUILDING & LOAN ASS'N v. DINSMORE.

### 8 Div. 429.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Ball & Ball, of Montgomery, for appellant.

D. P. Wimberly, of Scottsboro, and Haralson & Son, of Ft. Payne, for appellees.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Julian Harris and A. J. Harris, both of Decatur, for appellee.

GARDNER, J.

The action is for deceit in the sale to plaintiff by defendant, through its agent, of a "surplus certificate" which was represented as stock in defendant corporation of the value of $500, bearing 8 per cent. interest, and which could be cashed or surrendered to defendant at any time, plaintiff receiving the $500 with interest.

The complaint alleges plaintiff's purchase of said certificate in reliance upon these representations which he believed to be true, and that the same were knowingly false and willfully made by the agent for the purpose of deceiving the plaintiff; that said certificate had no market value, bore no interest, and had no withdrawal value, other than a remote future possibility. Punitive as well as actual damages are claimed.

We do not think the complaint subject to the criticism of indefiniteness and uncertainty, as insisted by defendant. The misrepresentations were of material existing facts and not promises in the future, and the case of Kyser v. Southern Building & Loan Association, 224 Ala. 673, 141 So. 648, is not analogous.

The question of the right of a shareholder in a corporation to maintain an action of this character (discussed, but not decided, in Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70) was determined adversely to appellant's contention by the Court of Appeals in Southern Building & Loan Ass'n v. Wales, 24 Ala. App. 542, 138 So. 553, 554, which was approved by this court (Southern Building & Loan Ass'n v. Wales, 224 Ala. 40, 138 So. 556), and needs no further consideration at our hands.

Plaintiff's testimony tended to establish all the material averments of his complaint. The purchase took place in January, 1929, and this suit was not brought until September, 1930. To the plea of the statute of limitations of one year plaintiff replied that the suit was instituted within one year after the fraud alleged in the complaint was discovered by him, that is, March 15, 1930. This discovery arose by correspondence and in plaintiff's effort to withdraw funds or a part thereof as he understood he had a right to do.

The argument for the affirmative charge is rested upon the possession by the plaintiff of the surplus certificate continuously from the time of its delivery to him and a knowledge of its contents imputed to him by the law. But plaintiff did not read the certificate and there is no evidence he had any actual knowledge of its contents, and his proof tends to show that he was lulled into a feeling of security and into any neglect to read the same by the misrepresentations of the agent. Under these circumstances the law imputes to him no knowledge of its contents. Beck & Pauli Lith. Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Bynum v. Southern Building & Loan Ass'n, 223 Ala. 392, 137 So. 21. The affirmative charge was properly refused.

Punitive damages are recoverable in actions of this character where defendant is guilty of gross fraud (27 Corpus Juris, 104), defined in Caffey v. Alabama Machinery & Supply Co., 19 Ala. App. 189, 96 So. 454, 457, as "representations made with a knowledge of their falseness (or so recklessly made as to amount to the same thing), and with the purpose of injuring the plaintiff."

■ We think the evidence justified the submission of the question of punitive damages for the jury's consideration. The jury could infer that the agent knew the plaintiff was a farmer with little or no experience in the matter of corporate stock and that his representations as to the surplus certificate which he sold and delivered to him were made with a knowledge of their falsity and with the sole purpose of procuring the $500 plaintiff had on deposit in the savings department of the bank to the end that he (the agent) could secure $200 of it as his commission. But to secure this commission something more must be had, a subscription to $10,000 of the corporate stock was necessary, and the evidence is to the effect that in order to obtain plaintiff's signature to such subscription the agent had him to sign what he represented was merely an "identification card," on the reverse side of which, however, was the necessary subscription contract. Plaintiff's proof tends to show he acted in entire ignorance of this scheme and in absolute reliance upon the representations made and read neither the card nor the surplus certificate. But no detailed discussion of the evidence is necessary to demonstrate the jury's right to infer from the evidence a gross fraud within the meaning of the above noted authorities.

■ Nor are we impressed with the argument that plaintiff as a stock subscriber could not recover such damages. This court has concluded such relationship does not bar an action of deceit against the corporation, and we see no reason why, if such a suit is to be maintained, plaintiff should be limited in his recovery to compensatory damages any more than anyone else.

Punitive damages are rested upon the theory of punishment for wrongful conduct, and as a warning to others in the future (8 R. C. L. 581; Alabama Great Southern R. Co. v. Sellers, 93 Ala. 9, 9 So. 375, 30 Am. St. Rep. 17; Laughlin v. Hopkinson, 292 Ill. 80, 126 N. E. 591), and no reason appears why they should not be awarded in the case of a stockholder as with that of an outsider.

Nor do we consider there is anything in the language of section 7353, Code 1923, indicating a legislative purpose to change the theretofore existing rule as to recovery of punitive damages in proper cases and confine the recovery to compensatory damages only.

■■ Aside from the general rule recognized in this jurisdiction that exemplary damages are not special damages and recoverable though not claimed in the complaint (Wilkinson v. Searcy, 76 Ala. 176; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; 17 Corpus Juris, 1005, and note), we construe the complaint as sufficiently disclosing a gross fraud as defined in Caffey v. Alabama Machinery & Supply Co., supra. and punitive damages are expressly claimed therein. The insistence that such damages should have been eliminated for the insufficiency of the complaint is therefore without merit.

■ Pleas A and B as amended (concerning which we understand from brief the argument is directed) are in recoupment of plaintiff's demand and evidently filed under the authority of Preston Motors Corporation v. Wood, supra.

Leaving aside and undetermined the question as to whether or not these pleas are defective in failing to set out facts sufficient to disclose the legal effect of the contract, as argued by counsel for appellee (citing Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 So. 479; Patterson v. Camp, 209 Ala. 514, 96 So. 605; Kay v. Dean, 24 Ala. App. 70, 130 So. 165), we are persuaded they are insufficient for a failure to aver that the defendant was ready, able, and willing to perform its part of the contract. These pleas disclose that defendant agreed to deliver to plaintiff the certificates of stock upon completion of the last installment payment, and for aught appearing all the authorized capital stock had been disposed of and none left to deliver.

This question was fully discussed in our recent case of Gulf Printing Co. v. Goodman, 224 Ala. 97, 139 So. 250, where the apt authorities are cited, among them Stern v. Mayer, 166 Minn. 346, 207 N. W. 737, 46 A. L. R. 1167, and 13 Corpus Juris, 728, and which demonstrate, without further discussion, that the pleas were subject to the demurrer interposed thereto.

■ Though plaintiff's replication 3 met the requirements of Henry v. Allen, 93 Ala. 197, 9 So. 579, appellant insists it was defective in failing to allege the manner in which the fraud was discovered, under the later decision of Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286, and Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22. The writer, speaking for himself only, considers what was said in this regard in these latter cases dictum, and therefore not controlling, and that as to a law case the rule of Henry v. Allen, supra, is correct. But the exigencies of this case do not call for a consideration of this question or any effort of reconciliation of these authorities. This for the reason that should the point for the purposes of this case only be conceded and the plea held defective in this respect, yet defendant has suffered no harm, for it appears from the undisputed proof plaintiff's discovery of the fraud arose from correspondence with defendant and from a letter admittedly written by defendant's president on May 23, 1930, in answer to plaintiff's request for withdrawal of some of the funds, as, from his evidence, he understood he had a right to do, as informed by the agent who sold him the certificate. Plaintiff places this as the time of the discovery of the fraud and

relies upon no other circumstance in the case for this purpose. Defendant has therefore suffered no surprise, as the only date of discovery of the fraud is that on which the defendant wrote the letter as to which no dispute arises. Conceding for the moment error in the ruling, it was clearly harmless, and presents no ground for reversal under the authorities of Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339, 341; Bennett v. Bennett, 224 Ala. 335, 140 So. 378.

Assignments 46 and 47 present no error to reverse. The witness had previously, and without objection, testified the certificate had no value in 1929 and 1930, and the answer to the question objected to and constituting assignment of error 46 was not responsive; and as to assignment 47 there was no answer whatever to the question. We may add, however, that the evidence appears sufficient to qualify the witness as to his knowledge of the value of the certificate by his experience therewith in offering such certificate for sale.

The testimony, introduction of which constitutes assignments of error 48, 49, and 50, comes within the principle of Cartwright v. Braly, 218 Ala. 49, 117 So. 477, and authorities therein cited, and the rulings thereon present no reversible error.

Nor was there error in the mere failure of the court to make explanation and limitations upon the same at the time the evidence was offered. This could well be done by defendant in requested charge, but clearly there was no initial duty upon the court in this regard, and without request to do so upon the introduction of the proof. The objections interposed were of a rather general nature, and gave no indication that defendant desired any limitation thereon.

We have examined the questions argued in brief and find no error to reverse.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.