The Cruses appeal only from a summary judgment entered for Coldwell Banker/Graben Real Estate, Inc., and made final pursuant to Rule 54(b), Ala.R.Civ.P. Their claim alleging defective workmanship in the construction of the house is still pending against Randy Harris and Brenda Harris, the builders and former owners of the house.
All alleged representations upon which the Cruses rely for their fraudulent misrepresentation claim against Coldwell Banker/Graben were made before the Cruses signed the "Acceptance Inspection Contract," and those representations did not induce the Cruses to sign the "Acceptance Inspection Contract," which provided, in pertinent part, as follows:
 "As of this date we, the undersigned Purchasers, have inspected the above property or have waived our right to do so and accept it in 'as is' condition.
 "We expressly agree that the decision to purchase the property was based on our own inspection and evaluation and that neither the Seller nor any Brokers or Salespersons involved in any part of this transaction made any representations, statement or claims as to the age, square footage, or condition of the property . . . upon which we based our decision to purchase.
 "We also agree that the Brokers and Salespersons have no responsibility or liability for repair or replacement of any of the property or its equipment items."
In my opinion, under the facts in this case the Cruses could not have justifiably relied on the representations of Coldwell Banker/Graben. Leatherwood, Inc. v. Baker, 619 So.2d 1273 (Ala. 1992); Haygood v. Burl Pounders Realty, Inc., 571 So.2d 1086
(Ala. 1990); and Massey v. Weeks Realty Co., 511 So.2d 171
(Ala. 1987). In Massey, this Court held:
 "One of the four elements of actionable fraud is justifiable reliance. Lucky Manufacturing Co. v. Activation, Inc., 406 So.2d 900 (Ala. 1981). On the basis of Marshall v. Crocker, 387 So.2d 176 (Ala. 1980), and Holman v. Joe Steele Realty, Inc., 485 So.2d 1142 (Ala. 1986), under the undisputed facts in this case, as a matter of law, Massey did not have the right to rely on the oral representations of Ms. Goodson made prior to the execution by Massey of the form containing the 'as is' provision and the purchase agreement that provided that the realtor did not warrant or guarantee the condition of the property."
511 So.2d at 173.
I would affirm the judgment of the trial court; therefore, I dissent.