# Henry *v.* Allen.

*Trover for Conversion of Horse and Buggy, with Count in Case for Fraud and Deceit.*

1. *Joinder of counts in trover and case.*—A count in trover for the conversion of a horse and buggy may be joined with a count in case for fraud and deceit, whereby defendant induced plaintiff to sell him the horse and buggy for a worthless note on a third person.

2. *Rescission of contract on account of fraudulent misrepresentations.* Pending a contract for the sale of a horse and buggy, if the purchaser induces the seller to accept in payment the note of a third person, whom he knows to be insolvent, or recklessly represents to be solvent when he is not, this constitutes a fraud, for which the seller may claim a rescission of the contract, or maintain an action on the case for damages; and if the seller was in fact ignorant of the financial condition of the maker of the note, it is immaterial that he had opportunities for finding it out, since he had a right to rely upon the representations of the purchaser.

3. *Fraud as exception to statute of limitations.*—When the statute of limitations of one year is pleaded in defense of an action for damages on account of fraud and deceit (Code, § 2630), it is a sufficient replication that the fraud was not discovered until within less than one year before the commencement of the action.

4. *Tender on offer to rescind.*—When a party seeks the rescission of a contract on the ground of fraud, he is required to place the other party in *statu quo*, by tendering back what he has received under the

[Henry v. Allen.]

contract; but proof of an offer to rescind and its refusal, before suit brought, dispenses with the necessity of a formal tender; yet, if the plaintiff received a promissory note on a third person, he must produce and tender it on the trial before judgment.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by Hannibal Allen against W. J. Henry, and was commenced on the 20th October, 1888. The opinion states the pleadings, and the material facts proved on the trial. The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe from the evidence that there is a reasonable prospect of making the money on the notes out of Barker, or any part thereof, then they are not worthless." (2.) "There is no evidence before the jury that the two notes on Barker are wholly worthless." (3.) "If the jury believe from the evidence that Allen's opportunities were as good as Henry's to know whether Barker was solvent or insolvent, then no fraud was practiced on him." (4.) "Although the jury may believe from the evidence that Barker, in September, 1887, owed more in amount, including the notes held by Stallings & Henry, than the value of his property at that time; yet, if they believe from the evidence that the money could have been made out of him on the notes transferred to Allen by due diligence, at any time between their maturity and the bringing of this suit, then he was not insolvent in such sense as would amount to a fraud on plaintiff." (5.) "The plaintiff must satisfy the jury that Barker was insolvent, before he can recover; and if the jury believe from the evidence that, at the time of the trade between Allen and Henry, Barker owned the right to a patent plow for the States of Mississippi, Louisiana and Arkansas, this was property, and it was incumbent on the plaintiff to show the value of said patent; and there being no evidence before them as to its value, the jury can not infer it was of no value, or of value less than the price Barker agreed to give for it." (6.) "The jury can not find a verdict for the plaintiff, unless they are satisfied with reasonable certainty from the evidence that, before the bringing of this suit, he tendered back to defendant the two notes on Barker, and demanded the horse, buggy and harness; and to constitute a tender in such case, an offer to compromise is not sufficient: the notes must be produced and offered, unless the evidence shows such act would have been worthless."

AIKEN & BURTON, for appellant.

G. C. ELLIS, contra.

[Henry v. Allen.]

STONE, C. J.—Counts in trover and in case may be joined in one action.—*Dixon v. Barclay*, 22 Ala. 370; *Wilkinson v. Mosely*, 30 Ala. 562. The second count is in case. It was amended, and, as amended, was demurred to. The demurrers were overruled, and we think rightly. That count alleges every fact necessary to the maintenance of the action, we think, with sufficient certainty. The facts alleged are, that Henry induced Allen to part with his horse, buggy and harness for the two notes on Barker, on false representations by him, Henry; that when he, Allen, traded for the notes, he did not know whether Barker was solvent or insolvent, but before and at the time said trade was made Henry "stated to plaintff that the maker of said notes was solvent and responsible upon said notes, and able to pay off said notes at the maturity of same; and plaintiff relied upon the representations so made to him by defendant, and received said notes from the defendant; . . and plaintiff avers that, at the time this occurred and these representations [were] made by defendant to plaintiff," said Barker was insolvent, Henry knew him to be insolvent, and knew no money could be made out of him. The count then avers that the notes were worthless, and that the said representations were made for the purpose and with the intention of deceiving and defrauding plaintiff. It further avers that, as soon as plaintiff learned the condition of said Barker, and that he was insolvent, he tendered the notes back to defendant, and demanded his property; that defendant refused to receive the notes, and refused to deliver the horse, buggy and harness to plaintiff. The averments of this count, if true, make a clear case of fraud and deceit, and authorized plaintiff to demand a rescission, if he made timely application therefor.—*Barnett v. Stanton*, 2 Ala. 181; *M. & S. Railway Co. v. Matthews*, 77 Ala. 357; *Jordan v. Pickett*, 78 Ala. 331; *Moses v. Katzenberger*, 84 Ala. 95; *Young v. Arntze*, 86 Ala. 116; *Clarke v. Dunham Land Co.*, Ib. 220; *Lockwood v. Fitts*, 90 Ala. 150.

To the second count of the complaint the defendant pleaded the statute of limitations of one year, and to this plaintiff replied that he did not learn or discover that Barker was insolvent until January, or February, 1888; less than a year before this suit was brought. The replication was a sufficient answer to the plea of the statute of limitations.—Code of 1886, § 2630; *Tillison v. Ewing*, 87 Ala. 350.

The question of merit in this case was not whether a fraction of the two hundred dollars evidenced by Barker's notes could have been collected out of him. It was whether Henry deceived and defrauded Allen out of his horse, buggy and

harness, by representing that Barker was solvent when he was not. It is not perceived that charges 1 and 2 asked by defendant could have exerted any proper influence in the deliberations of the jury.

Nor did the court err in refusing to give charge 3. If Henry represented Barker to be good and solvent, and Allen, relying on the representation, accepted the notes in exchange for his property, then the injury done him was not dependent on Henry's knowledge that the represention he made was false. If it was in fact false, and Henry made it, thereby inducing the trade, the same responsibility would rest on him whether he stated a known falsehood, or made the statement recklessly, not knowing whether it was true or false. And Allen's opportunities for knowing Barker's financial condition was not the inquiry. Nothing short of knowledge of that condition could render harmless Henry's false representation, if he made such representation. If Allen knew of Barker's financial condition, that would be answer to his complaint of Henry's misrepresentation, if he made it. His opportunities for finding it out would not be.—Authorities *supra*.

Charge No. 4 probably asserts a correct legal proposition, if it had testimony to base it on. The bill of- exceptions affirms that it contains the substance of all the testimony, and the most liberal interpretation we can give to it tends to show that only a part—probably a very small part of the claim—could have been collected. We have shown above that such partial collection, or means of effecting it, would be no defense to this action. We hold there was no evidence to justify this charge, and it was rightly refused on that account.—3 Brick. Dig. 111, §§ 74, 75, 77.

The evidence tends to show that plaintiff visited defendant, and asked him to rescind the trade; and that defendant positively refused to do so. This, if believed, dispensed with the necessity of a formal tender before suit brought.—*Dill v. Camp*, 22 Ala. 249. Charge 6 was rightly refused. It is very true that, in a case like the present, where a rescission of a contract of bargain and sale is · claimed on account of deceit or fraud, the party complaining must put the adversary in *statu quo*. It was Allen's duty to have the notes in court, and to tender them to Henry, before recovering judgment for the conversion of his property.—*Jones v. Anderson*, 82 Ala. 302; *Nichols v. Michael*, 23 N. H. 264; *Hawthorne v. Hodges*, 28 N. Y. 286; *Pequeno v. Taylor*, 38 Barb. 375; *Spencer v. St. Clair*, 5 N. H. 9; *Hough v. Hunt*, 15 Amer. Dec. 569, note p. 595; *Perley v. Balch*, 34 *Ib.* 56, note. The record, however, presents no ruling on this question, and we suppose this require-

ment was complied with. Nothing in this connection is raised for our consideration.

Affirmed.