# Mayor and Aldermen of Huntsville *v.* Ewing.

*Action against a Municipality to recover Damages resulting from Cutting a Ditch.*

1.   *Liability of municipality for cutting a ditch; right of action.*—In an action against a city for cutting a ditch along the plaintiff's land, there being no allegations to the contrary, it will be presumed that the ditch was cut in the exercise of the city's legitimate governmental powers, and the right to maintain an action to recover damages resulting from the cutting of such ditch accrues to the person who was the owner of the land at the time of the cutting, and does not pass by such owner's deed to a subsequent grantee of the land.

2.   *Same; sufficiency of complaint.*--Where an action is brought against a municipality to recover damages for injuries resulting from the cutting of a ditch along the plaintiff's land, the complaint should

[Mayor and Aldermen of Huntsville v. Ewing.]

show by its allegations that in cutting the ditch the municipal authorities were acting within the scope of their authority or functions, and that the cutting was done in the interest of the municipality, and should describe the land injured and the location of the ditch, and should state the time when the wrong complained of was committed; and a complaint which fails in these averments is insufficient and demurrable.

3. *Same; same.*—In such a case a count of the complaint, which charges that the injuries complained of resulted from the defendant's failure to keep the ditch cleaned out and in proper repair, and to erect an embankment in order to confine the water within the ditch, or the defendant's total failure to enlarge the ditch, or to dig it deeper, should allege facts which show that it was a special, legal duty of the defendant to erect an embankment to confine the water within the ditch, and to enlarge the ditch or dig it deeper, and that the defendant failed to discharge such duty ; and if the count fails to aver facts showing the existence of such legal duty, it is insufficient and demurrable.

4. *Same; damages recoverable by vendee of the original owner of the land.*—Where a municipality in the lawful exercise of its governmental powers cuts a ditch along certain lands, one who acquires the ownership of said lands, after the cutting of the ditch, has no right of action against the municipality for such cutting, and can only recover such special damages as he may have suffered by reason of the failure of the municipality to exercise reasonable care, skill and diligence in keeping the ditch in proper condition, and which he would not have suffered if the defendant had used such degree of care, skill and diligence.

5. *Statute of limitations; how available.*—In courts of law the defense of the statute of limitations must be specially pleaded, and it is not available on demurrer.

6. *Same; when statute begins to run.*—The statute of limitations commences to run against an action to recover damages for injury to land resulting from negligence in cutting or maintaining a ditch, from the date of the occurrence of the injury, without regard as to when the negligence occurred.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, Joseph H. Ewing, against the appellant, the Mayor and Aldermen of the city of Huntsville, to recover damages resulting from the cutting of a ditch along the land which was owned at the time of the suit by the plaintiff, and from the negligent failure of the defendant to keep said ditch in proper condition. The suit was commenced on June 22d, 1887.

The complaint as originally filed contained two counts. In the first count damages were claimed for that the said "Mayor and Aldermen of the city of Huntsville, by its agents, dug and caused to be dug a ditch on, along and by the lands of the plaintiff, for a long distance, to-wit, for the distance of four hundred yards, whereby water was diverted from its natural flow and was caused to flow in said ditch so dug, and by reason of the flow of water in said ditch, the same has been greatly enlarged, and the fences on plaintiff's line, and the land of plaintiff along said line, have been washed away, to the damage of plaintiff one thousand dollars, hence this suit."

In the second count, the damages were claimed for that "the said city of Huntsville, by its agents and employès, cut and dug, and caused to be cut and dug, a ditch on, along and by the lands of plaintiff and the fence enclosing said land, and by reason of the cutting and digging of said ditch and the continued and excessive flow of water in said ditch the lands of plaintiff have been washed and carried away, and the fence on said plaintiff's land has been washed down and carried away, to the damage of plaintiff one thousand dollars."

The defendant demurred to each of these counts, upon the following grounds: 1. That they do not show any sufficient cause of action. 2. That they fail to allege that it was the duty of the defendant to keep the particular ditch in repair. 3. That they fail to show the injury complained of was the approximate result of the defendant's breach of duty. 4. That they do not aver facts to negative the idea that the plaintiff was at fault about the overflow of the water in the ditch complained of. 5. That they state a legal conclusion without averring facts from which such conclusion arises. Before these demurrers were passed upon, the plaintiff amended his complaint by adding thereto three counts. In the first of these additional counts the plaintiff averred that he was the owner of certain real estate and had been seized and possessed of it since the year 1881, it being owned prior to that time by one Mrs. Wall; that in the year 1874 the defendant built a ditch along and by the land which was now owned by the plaintiff, whereby a large amount of surface water was diverted from its natural course or flow, and by reason of the large flow of such surface water so diverted, said ditch cut by the defend-

ant had been largely increased in width, and the land of the the plaintiff had been flooded and overflowed, and that "his entire crop for the year 1886, planted on said lands has been wholly destroyed, a strip of his said lands more than fifteen feet wide and about one-half mile in length, has been washed away, a half mile or more of his fencing has been washed away, and he has been forced to go to the expense of building a bridge over said ditch in order to go to and from his said lands with wagons and other vehicles ; and plaintiff alleges that his said lands or parts thereof are now frequently inundated by said surface waters so diverted from their natural course by said defendant in said ditch, and that the overflow of his said lands and the damage above set forth is caused wholly by such large flow of surface water as above set forth, to the damage of plaintiff as aforesaid in said sum of one thousand dollars, hence this suit."

In the second count, added by amendment, the plaintiff averred, as in the first, his ownership of the land since 1881, and that in the year 1874 the defendant, by its agents, servants and employés dug, or caused to be dug or cut, a certain ditch along and by the lands referred to, and then continued as follows : "the said ditch being so dug for purposes of drainage, and whereby a large amount of surface water was diverted by said ditch from its natural course or flow, and by reason of said large flow of water and the defendant's total failure to keep said ditch cleaned out, their total failure to erect any embankment or other work to confine the water within said ditch, or their total failure to enlarge said ditch or dig the same deeper after the increase of said flow of surface water, the plaintiff's said lands have been repeatedly inundated, his entire oat crop for the year 1886, which was planted on said lands has been destroyed, a strip of his land, about fifteen feet wide, and nearly one-half mile, has been washed away, his fencing around said land for a distance of nearly one-half mile has been washed away and destroyed, to the plaintiff's great inconvenience and damage, hence this suit."

In the third count, added by amendment, the plaintiff claimed damages "because the defendant did, about the year 1874, cut or dig, on, along, through and by certain valuable lands situated in the city of Huntsville, in said county, then owned by the estate of Mrs. Mary

Wall, deceased, but now and since the year 1881 owned in fee simple by plaintiff, a certain ditch for a distance of more than four hundred yards, said ditch when cut was about two or three feet in width, and about two feet in depth, but by reason of the large amount of surface water, which was by said ditch diverted from its natural course or flow, the width and depth of said ditch has been constantly increased until it is now about eight feet wide and about four feet deep, and by reason of said constant washing and said large flow of water, plaintiff has been greatly damaged, in this : that a large part of his said lands have been flooded and inundated, his fencing around said real estate for a distance of about one-half of a mile has been washed away and totally destroyed ; a strip of his land, about fifteen feet wide and one-half of a mile long, has been washed away ; his entire crop of oats planted on said land in the year 1886 was destroyed, and he has been compelled to build a bridge over said ditch, in order to pass to and from his said lands, hence this suit."

To each of these counts of the complaint added by amendment, the defendant demurred upon the following grounds : 1st. That the complaint, as amended, does not aver facts showing negligence or a breach of duty on the part of the defendant. 2d. That it does not state any facts showing a responsibility by defendant for the damages claimed to have been done. 3d. That it does not aver any fact showing a tortious omission or breach of duty on the part of the defendant for which an action at law will lie. 4th. That it does not allege that the ditch was constructed in a negligent or unsuccessful manner. 5th. That the property injured was not sufficiently described. 6th. That the said counts did not aver the day or date said damage and injury was done. 7th. That said counts do not aver that the said lands damaged were the property of the plaintiff at the time said damage was done. 8th. That they do not allege that the defendant, through negligence or carelessness, failed to keep said ditch in proper repair, whereby the damage alleged to have been suffered was done. 9th. That it is not shown that it was part of the duty of the defendant to keep said ditch in repair. The defendant also demurred to the amended complaint upon the grounds that the cause of action was barred by the

[Mayor and Aldermen of Huntsville v. Ewing.]

statute of limitations. The demurrers to the original and amended complaint were each overruled. This ruling of the trial court is the only one reviewed on the present appeal, and it is, therefore, unnecessary to set out in detail the facts pertaining to the other rulings.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the rulings of the lower court upon the pleadings, and the other ruling, to which exceptions were reserved.

JEREMIAH MURPHY, JR., for appellant.—The statute of limitations is applicable to this case, and presented a complete defense, since the statute begins to run when the water first passed through the ditch.—*Roundtree v. Brantley*, 34 Ala. 544; *Polly v. McCall*, 37 Ala. 20; *Wright v. Moore*, 38 Ala. 593; *Nininger v. Norwood*, 72 Ala. 277; *Crabtree v. Baker*, 75 Ala. 91.

The rule is, that in the case of a nuisance like the one under consideration, of a permanent character, so that the damage inflicted thereby is of a permanent character and goes to the entire destruction of the estate affected thereby, a recovery may be had for the entire damage in one action as the damage is deemed to be original.—*Troy v. R. R. Co.*, 23 N. H. 101; *H. A. & B. R. R. Co. v. Matthews*, 99 Ala. 24.

SHELBY & PLEASANTS, *contra.*—That an action of this character can be maintained against a municipal corporation, seems to be clearly established. Where surface waters are collected and cast in a body upon the proprietor below, unless into a natural watercourse, the lower proprietor sustains a legal injury, and may have his action therefor, and this is the rule which is applied against municipal corporations.—Cooley on Torts, (2d ed.), p. 688, § 580; *Hughes v. Anderson*, 68 Ala. 284; *Dixon v. Baker*, 16 Amer. Rep. 591; *Aurora v. Reed*, 11 Amer. Rep. 1; *Roundtree v. Brantley*, 34 Ala. 544; *Smoot v. Mayor*, 24 Ala. 120; *Mayor, &c., v. Coleman*, 58 Ala. 572; *Avondale v. McFarland*, 101 Ala. 381.

The right of action had not accrued to the plaintiff at the time of the construction of the ditch, but at the time the injury complained of accrued.—*Eagle & Phoenix Mfg. Co. v. Gibson*, 62 Ala. 369; *Polly v. McCall*, 37 Ala. 29; *Wright v. Moore*, 38 Ala. 593; *Roundtree v. Brantley*, 34 Ala. 544; *Baldwin v. Calkins*, 10 Wend. 169.

[Mayor and Aldermen of Huntsville v. Ewing.]

HEAD, J.—Action against municipal corporation for damages, in some of the counts, for cutting a ditch along lands now owned by plaintiff, and in another, as the pleader intended, for negligently failing to keep the ditch in proper condition, resulting in injury to plaintiff's lands by overflows, etc.

It is enough to say in reference to those counts which count upon the cutting of the ditch, (except the two original), that they show that the act complained of was done long before the plaintiff acquired the land, and he has no right of action for it, under the circumstances of this case, so far as disclosed. It will be presumed against the plaintiff, in the absence of averment to the contrary, that the defendant cut the ditch (which was a a permanent structure), in the exercise of its legitimate governmental powers, for the public purpose of draining the city, and that the erection was, consequently, not a nuisance; so that, the measure of recovery by any owner of land entitled, under the constitution, to recover damages to his lands caused by the erection (see *Avondale v. McFarland*, 101 Ala. 381), was the difference in the value of the land before and after the erection, as affected by it; hence, the damage recoverable is entire, and all comprehended in one action. This right of action accrues to the owner of the land at the time of erection, and does not pass to his vendee, on a subsequent sale.—*Evans v. S. & W. R'y Co.*, 90 Ala. 54; *H. A. & B. R. R. Co. v. Matthews*, 99 Ala. 24. Presumably, plaintiff purchased with reference to the injury, and reckoned his price accordingly.

The demurrers to those counts, upon this, and some of the other grounds assigned, ought to have been sustained.

The two original counts do not sufficiently describe the cause of action. In the first place, they do not show that the mayor and aldermen, in cutting the ditch, were acting in the line or scope of their authority or functions. It does not appear that the act had any reference to, or connection with, or was done in the interest or behalf of the municipality. The ditch, so far as these counts show, may have been fifty miles from the corporation of Huntsville, and cut by the mayor and aldermen without any pretense of municipal, or other lawful authority. The people do not pay taxes in order to answer in dam-

[Mayor and Aldermen of Huntsville v. Ewing.]

ages for acts done by municipal authorities which are entirely outside of their functions, and done without show or pretense of municipal power. The authorities must, at least, be in line of municipal duty or authority, in order to create a charge on the public for their misdoings. The demurrers, however, are too general to raise the objections.

Again, these counts do not at all describe or point out the land injured, nor sufficiently locate the ditch, nor state any time when the wrong was committed. These were matters that the defendant was entitled to be informed about before being called on to defend.

The demurrers to these counts, raising these questions, ought to have been sustained.

This leaves for consideration only the second amended count. The wrongs it charges are, conjunctively, defendant's failure to keep the ditch cleaned out, to keep it in proper repair, and to erect any embankment or other work to confine the water within the ditch; or defendant's total failure to enlarge the ditch, or dig the same deeper, after the increase of said flow of surface water, which increase is alleged.

Here, we see, are alternative charges. Under the first, the cause of action combines the three several omissions, conjunctively alleged, as above stated, proof of all which is essential to a recovery under that alternative; under the second, the omission to enlarge the ditch or dig it deeper constitutes the cause of action. If either alternative is insufficient, the whole count is bad.

Assuming that the count sufficiently shows, by allegation of facts, that it was the duty of the defendant to take care of this ditch (as to which, to say the least, there is some doubt, and in respect to which the count ought to have been made more certain), there are yet no facts alleged which show that it was its special legal duty to *erect an embankment or other work* to confine the water within the ditch. That may have been the most practical method of keeping the ditch in proper condition, and it may have been the defendant's duty to pursue that course, but the count does not show it. For aught we know from the count, there may have been some more practicable, efficient and less expensive method of doing the work, which it was in the discretion of the defendant, and its duty, to adopt. We can not

know, simply because the plaintiff says that the defendant failed to erect an embankment or other work, that the conditions were such as that it was its duty to make such an erection. The conditions which made it a duty, if it was a duty, ought to have been stated. This alternative was, therefore, bad.

These remarks are applicable, also, to the omissions of defendant, charged in the second alternative, to enlarge the ditch or dig it deeper. We can not, without allegation of the conditions and circumstances, say, as matter of law, that it was the defendant's duty to enlarge the ditch or dig it deeper. This alternative was bad.

So, the demurrers to this count ought, also, to have been sustained.

In an action at law, the defense of the statute of limitations can not be made by demurrer. It must be made by special plea.—*Huss v. C. R. & B. Co.*, 66 Ala. 472; *Bolling v. Jones*, 67 Ala. 508. The rule is different in equity. The intimation otherwise, in *McCreary v. Jones*, 96 Ala. 592, was, no doubt, made in oversight of this established rule.

Anticipating amendment of the complaint so as to sufficiently state a cause of action against the defendant, we remark, as a guide, that, as before stated, the complaint should show, by appropriate averments, a duty upon the municipality to keep the ditch in proper condition; an omission of that duty; wherein the omission consisted, and resultant special injury to the plaintiff, describing the injury. As we have said, plaintiff, not being the owner of the land, has no cause of action for the cutting of the ditch, if it was cut by defendant in the lawful exercise of its governmental power, which would deny it the character of a continuing nuisance. That was an injury which his vendor suffered in the way of diminution of the value of land; and this includes, not only the diminution of the value which the ditch caused, in the condition it was when plaintiff purchased, but, likewise, such diminution as was a natural result of the erection, growing out of changes in the erection which would be reasonably expected to occur, in the future, from natural causes, and which the defendant could not prevent by the exercise of such reasonable care as its duty of supervision required it to exercise.

In other words, when the plaintiff purchased the land, it is presumed he and the vendor considered, in determining the value, not only the injuries which the ditch, in its then condition, was capable of doing to the land, but the injuries which the then condition of the ditch, and its surroundings, indicated to a practical mind would be caused, in the future, by changes in it, brought about by natural causes, assuming that the defendant would exercise reasonable care, skill and diligence in keeping the ditch in proper condition. So, we see, the only grievance the plaintiff can have, assuming the ditch to have been cut in the exercise of the power aforesaid, is the special injury he suffered, if any, by reason of the failure of the defendant to exercise reasonable care, skill and diligence in keeping the ditch in proper condition, and which he would not have suffered if the defendant had used that degree of care, skill and diligence. For injuries suffered, despite any reasonable discharge of duty which the defendant might have exercised, in keeping the ditch in proper condition, the plaintiff cannot recover.

The statute of limitations of one year applies to actions of this kind, counting from the date of the occurrence of the injury. If causal relation between the defendant's negligence and the special injury, for which damages are claimed, be established, it matters not when the negligence occurred, so the injury caused by it occurred within a year before the suit. There is no completed cause of action until the injury happens, and the period of limitation begins at that time.

What we have said renders it unnecessary to pass specially on the errors assigned.

Reversed and remanded.