(77 South. 22)

MAXWELL v. LAUDERDALE et al.
(5 Div. 675.)

(Supreme Court of Alabama. Nov. 15, 1917.)

LIMITATION OF ACTIONS ⟨⟩195(5)—PLEADING AND PROOF—DISCOVERY OF FRAUD.

Under Code 1907, § 4852, providing that suits for fraud are not barred until one year after the fraud's discovery, plaintiffs have the burden of alleging and proving the discovery within one year, where the answer pleads the statute of limitations.

Appeal from Circuit Court, Coosa County; B. L. Brewer, Judge.

Action by J. S. and S. M. Lauderdale against W. E. Maxwell. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

J. W. Strother, of Dadeville, for appellant. John A. Darden, of Goodwater, for appellees.

SAYRE, J. Two counts of plaintiffs' (appellees') complaint alleging a breach of covenant appear to have been put out of the case by defendant's plea to the venue. The remaining counts, upon which the case went to the jury, proceeded upon the ground that defendant had falsely and fraudulently represented the lines of a small tract of land that plaintiffs had bought from defendant. Defendant was entitled to the general affirmative charge which he requested in proper form. The alleged cause of action was, on the undisputed evidence, barred by the statute of limitations, unless saved by section 4852 of the Code which provides that:

"In actions seeking relief on the ground of fraud, where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the facts constituting the fraud, after which he must have one year within which to prosecute his suit."

In the first place, the burden of allegation and proof as to fraud and its discovery within one year rested upon the plaintiffs, and the facts on which it was intended to base the extension of the statute should have been pleaded in reply to defendant's plea of the statute. In a way plaintiffs had alleged fraud in their complaint, but, after the statute of limitations had been pleaded, they should have shown by replication how and when the facts constituting the alleged fraud were discovered. Gordon v. Ross, 63 Ala.

---

363; Henry v. Allen, 93 Ala. 197, 9 South. 579. In the next place, conceding for the argument that the question of fraud was for the jury—though the inference must have rested upon the bare fact that defendant had pointed out to one of the plaintiffs lines through a woodland so different from the lines of the land he owned and had a right to sell that an error of three-quarters of an acre resulted in the sale of a 30-acre tract —there is no evidence in the record going to show that the error upon which the charge of fraud was thus based had come to the knowledge or notice of plaintiffs within one year before the commencement of the suit. Hence our conclusion, pretermitting other matters assigned for error, that defendant was entitled to the general charge.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.