90 So.2d 770

**Nellie ELLIS as Administratrix,**

**v.**

**BLACK DIAMOND COAL MINING CO.**

**6 Div. 777.**

Supreme Court of Alabama.

Nov. 15, 1956.

Lipscomb & Brobston, Bessemer, and Wm. Mitch and D. G. Ewing, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee.

GOODWYN, Justice.

On May 28, 1949, Nellie Ellis, as administratrix of the estate of Louis Ellis, deceased, appellant, brought suit in the circuit court of Jefferson County under the homicide statute, Code 1940, Tit. 7, § 123, against the Black Diamond Coal Mining Company, appellee. In her complaint, at that time consisting of one count, she alleged that her intestate's death was caused by silicosis contracted while working in the defendant's coal mine, and that his death was a direct result of the defendant's negligence in failing to keep the air in the mine reasonably free of silica dust. Trial of the case resulted in a verdict and judgment in favor of plaintiff. On appeal here the case was reversed and remanded, Black Diamond Coal Mining Co. v. Ellis, 256 Ala. 72, 53 So.2d 593, on authority of Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586, 593. The opinion does not disclose the particular ruling or ground on which the reversal was based. In the Woodward Iron Co. case this court held, in construing the homicide statute, § 123, Tit. 7, supra, "that the legislature did not intend to create a cause of action occurring at the death of the injured party, if at that time the injured party was unable to maintain a suit for personal injuries based on that occurrence by reason of the fact that either he had already sued and recovered a judgment on account of it or he had accepted full satisfaction and release of the claim, or if his contributory negligence proximately caused his injury, or *if he permitted the claim to be barred by the statute of limitations.*" [Emphasis supplied.] That point was also involved in the case now before us on first appeal.

On remandment the plaintiff amended her complaint by adding counts 2 and 3. Demurrer to each count of the amended complaint being sustained, plaintiff took a non-suit and brought this appeal to review the rulings on the demurrers. It appears to be recognized by the parties in their argument here that the same question decided in Woodward Iron Co. v. Craig, supra, as above noted, is presented by the demurrers. Extensive argument is addressed to appellant's insistence that that opinion should be changed. However, a preliminary point raised by appellant prevents us from getting to a consideration of that insistence. It is contended that since this is an action at law, the defense of the statute of limitations must be raised by plea and not by demurrer. In this we concur.

It is a long-established rule that where the statute of limitations is sought to be interposed as a bar to an action at law it must be specially pleaded and cannot be set up by demurrer to the complaint. Sharpe v. Booker, 263 Ala. 592, 594, 83 So.2d 313; Sibley v. Bowen, 222 Ala. 13, 14, 130 So. 547; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 615, 119 So. 640; Pyle v. Pizitz, 215 Ala. 398, 402, 110 So. 822; Russell v. Garrett, 204 Ala. 98, 101, 85 So. 420; Mayor and Aldermen of City of Huntsville v. Ewing, 116 Ala. 576, 584, 22 So. 984; Huss v. Central Railroad & Banking Co., 66 Ala. 472, 475. The rule is stated in the Huss case as follows:

"* * * On demurrer, questions of law only can be considered—not

questions of fact, which may be controverted.—Mansel on Demurrer, 96.

"Independent of this consideration, the statute of limitations is a defense which must, in courts of law, be specially pleaded. For, unless it be pleaded, the plaintiff has not the opportunity of replying that he is within some one of the exceptions to the statute, or any other matter which would prevent the bar from attaching. Ang. Lim. 285."

The rule is different in equity. Smith v. Hart, 259 Ala. 7, 9, 65 So.2d 501; Maryland Casualty Co. v. Seymore, 233 Ala. 464, 465, 172 So. 620; Mayor and Aldermen of City of Huntsville v. Ewing, 116 Ala. 576, 584, 22 So. 984, supra.

We are dealing here with a demurrer to each count taking the point that it shows on its face that the right of action in plaintiff's intestate was, at the time of his death, barred by the statute of limitations of one year. Code 1940, Tit. 7, § 26. The position taken by appellant is that this defense cannot be set up by demurrer but must be made by special plea. Appellee argues that the Woodward Iron Co. case holds that the question may be determined on demurrer to the complaint. It is said that the following from the opinion in that case supports its position, viz.:

"Pleas 6 and 7 are the statute of limitations in Code form. One pleads the one year statute, and the other pleads the two year statute. As a matter of fact, we may pause to say there is no statute of limitations applicable to the cause in question under section 123, supra, notwithstanding section 123 fixes two years as the period in which the suit must be brought and makes it a condition to the maintenance of the action. Louisville & Nashville R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681. It is not subject to the rules applicable to the statute of limitations, notwithstanding section 25, Title 7, Code. The complaint shows upon its face whether the suit was brought within the two years because the complaint shows when plaintiff's intestate died and also when the suit was brought, so that such a plea is inappropriate. But the complaint would be subject to demurrer if it did not show that it was brought within two years. The general issue to such a complaint puts in issue any controversy in respect to it. The only controversy which could arise in that connection would be as to the date of the death of intestate. As the statute of limitations of one year has no application, we need give no further consideration to the pleas numbered 6 and 7."

It seems clear, from a consideration of the entire opinion in the light of the record in the case, that it was not intended to hold that the defense of the statute of limitations can be made by demurrer when the complaint shows on its face that plaintiff's intestate, at the time of his death, could not have maintained an action against defendant because his right of action at that time was barred by the statute of limitations. It appears to be recognized by appellee that this precise question was not decided in Woodward Iron Co. v. Craig. In its brief it is stated as follows:

"Now it is true that in the Craig case the defendant set up this matter by special pleas, and the Court held that the trial court was in error in sustaining the demurrer thereto. The question of whether such could have been raised by demurrer, if such fact appeared from the complaint was not mentioned or decided."

The question being discussed in the quotation from the Woodward Iron Co. case related to the provision in the homicide statute, § 123, Tit. 7, supra, which fixes two years "from and after the death of the testator or intestate" as the period in which suit must be brought by the personal representative. The holding was that a complaint brought under the homicide stat-

ute would be subject to demurrer if it fails to show that it was brought within the two-year period after the death of plaintiff's intestate. In other words, the complaint must affirmatively show that the suit was brought by the personal representative within that time, as required by § 123, Tit. 7, supra. The statute of limitations applicable to the right of a plaintiff's intestate, as of the time of his death, to maintain a cause of action was not there being discussed. If plaintiff's intestate was barred at the time of his death from maintaining an action because not commenced by him within the period of one year after the cause of action accrued it was by virtue of the applicable statute of limitations. § 26, Tit. 7, supra. Such defense is a defense of the statute of limitations and under the authority of our cases of long standing, cited above, it cannot be made by demurrer in an action at law. That it was not intended to hold otherwise in the Woodward Iron Co. case is borne out by the treatment given plea 9 immediately following the portion quoted above. Although not in Code form that plea is nevertheless a plea of the statute of limitations of one year and makes the same defense which is sought to be made by demurrer in the case now before us.

The statute of limitations, unlike the limitation prescribed in the homicide statute, does not impose a condition precedent to the right of action. 54 C.J.S., Limitations of Actions, § 344, note 49, p. 471. The bar of the statute of limitations is a matter of defense to be interposed by plea. It is not necessary for the plaintiff to anticipate such defense and plead facts in avoidance thereof. Even though a complaint at law shows on its face that the cause of action is barred by the statute of limitations the defense of the statute cannot be taken by demurrer. It can only be done by special plea. And it has been held that whether an action is barred by the statute of limitations is not within the issues presented by a plea of the general issue, but must be specially pleaded. In

Sharp v. Clopton, 218 Ala. 140, 141, 117 So. 647, 648, it was said:

"The case was submitted to the jury on the fifth count of the complaint and the plea of the general issue. Whether the action was barred by the statute of limitations was not within the issues; that defense must be specially pleaded. Sands v. Hammell, 108 Ala. 624, 18 So. 489; Code of 1923, § 9470 [Code 1940, Tit. 7, § 225]."

Since there was error in the rulings which caused plaintiff to take a non-suit, the non-suit is set aside and the cause reinstated and remanded for such further proceedings as the parties may be advised.

Reversed and remanded.

SIMPSON, MERRILL and SPANN, JJ., concur.