109 So.2d 699

Nellie ELLIS, as Administratrix,

v.

BLACK DIAMOND COAL MINING COMPANY.

6 Div. 244.

Supreme Court of Alabama.

Feb. 19, 1959.

---

Lipscomb & Brobston, Bessemer, Wm. Mitch and D. G. Ewing, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, Huey, Stone & Patton, Bessemer, for appellee.

MERRILL, Justice.

This is an appeal by appellant, plaintiff below, from a judgment of voluntary non-suit taken because the court overruled plaintiff's demurrer to defendant's plea seven, and is the third appeal in this case.

On the first appeal, Black Diamond Coal Mining Co. v. Ellis, 256 Ala. 72, 53 So.2d 593, the cause was reversed and remanded on the authority of Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586.

The second appeal was taken when the plaintiff suffered a non-suit after the court below had sustained demurrers to each count of the complaint as amended. We reversed and remanded in Ellis v. Black Diamond Coal Mining Co., 265 Ala. 264, 90 So.2d 770, saying that in an action under the homicide statute, the defense that the one year statute of limitations had run against plaintiff's, intestate could not be raised by demurrer. The suit was brought under the homicide statute, Tit. 7, § 123, Code 1940, which provides that a cause of action may be prosecuted in the name of the personal representative of one whose death is caused by the wrongful act, omission or negligence of a defendant; and it also provides that the action must be brought within two years after the death of the intestate, and the cause of action must be one which gives rise to an action which the intestate could have maintained if it had not caused death.

Count one of the complaint alleges that defendant operated a coal mine known as Blue Creek Mine from March 26, 1941, to July 16, 1945, and that plaintiff's intestate worked in the mine during this period and was exposed to silica dust, and that due

to this exposure he contacted silicosis, anthracosis or pneumonoconiosis and died from this disease on February 16, 1949. The count further alleges that defendant negligently failed to provide her intestate with a safe place in which to work. Count two adopts count one and further alleges that plaintiff's intestate was not informed that he had silicosis until October, 1948, when he was examined by a physician. Count three adopts count two and alleges further that defendant knew that plaintiff's intestate had silicosis before July 16, 1945, and had a duty to inform him of this fact, but fraudulently concealed it from him until the statute of limitations had run, thereby preventing plaintiff's intestate from suing the defendant. The count further alleges that a physician in the employ of the defendant examined him and informed him that he was suffering from pulmonary tuberculosis, which was untrue, and which advice so misled him that he was lulled into inactivity until October 20, 1948.

The appellee, defendant below, demurred to the complaint and to each of the counts, separately and severally, and the trial court sustained the demurrer. As noted, supra, plaintiff then took a non-suit and appealed and we held in Ellis v. Black Diamond Coal Mining Co., supra, that the defense that the one year statute of limitations had run against plaintiff's intestate could not be raised by demurrer. Thereupon, defendant filed seven pleas and plaintiff demurred to all these pleas except pleas one and two which were pleas of the general issue. The court sustained plaintiff's demurrer to pleas three, four, five and six, but overruled plaintiff's demurrer to plea seven. Plaintiff again took a non-suit and now seeks a review of the adverse ruling on the demurrer to plea seven, which reads:

"For further answer to each count of the complaint, as amended, separately and severally, the defendant says that the plaintiff ought not to recover in this cause for that the plaintiff's intestate was not exposed to dust or other noxious substances in or about said mine or mines of the defendant for a period of more than one year prior to the date of his death."

█ Notwithstanding that it is not in Code form, this is a plea of the statute of limitations of one year found at Tit. 7, § 26, Code 1940; Ellis v. Black Diamond Coal Mining Co., 265 Ala. 264, 90 So.2d 770.

█ Appellant's primary contention is that the case of Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586, should be overruled. The rule in the Craig case is that under Tit. 7, § 123, Code 1940, there is no cause of action created at the death of an injured party, if at the time of death, the injured party was unable to maintain a suit for personal injuries because the claim was barred by the statute of limitations. Appellant argues that the law should be that if the injured person could have maintained an action when the injury occurred, then his personal representative ought to be able to maintain an action after his death, provided that the action was commenced within two years after the death, as provided for in the Act, even though the death occurred more than one year after the injury and even though the injured person began no action within one year after such injury.

Appellee says that it does not argue with the *cause of action*, but that plea seven sets up a *defense* to the cause of action and that we have held that a defendant may avail himself of the defense of the statute of limitations if that defense were available against the decedent had he brought the action.

Appellant has cited to us the cases of Smith v. Lilley, 252 Ala. 425, 41 So.2d 175; Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13; Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 4 So.2d 315; Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530; and South & N. A. R. Co. v. Sullivan, 59 Ala. 272. All these cases

were cited, discussed or distinguished in the Craig case and we do not see that we need to further discuss them here.

The Craig case has since been followed in Black Diamond Coal Mining Co. v. Ellis, supra, and Moore v. Stephens, 264 Ala. 86, 84 So.2d 752, 759. In the latter case, plaintiff's intestate was injured in an automobile accident with defendant's intestate. The defendant's intestate died on the date of the accident. Plaintiff's intestate did not institute suit while she was living, and she died more than six months after the death of defendant's intestate. Plaintiff's intestate's cause of action was thus barred by the statute of nonclaim, Tit. 61, § 211, Code 1940, before she died. The question before the court was whether the plaintiff could initiate suit after her death under Tit. 7, § 123, Code 1940. We said, after quoting from the Craig case:

"There is an analogy between that case and the instant case. There the injured party filed a suit before his death, but he had delayed the filing until it was barred by the statute of limitations, and thus his administratrix was denied the right to recovery under the wrongful death statute, even though the suit was filed within one year after the death of *his* [her] intestate. Here the injured party, Anna D. Moore, continued to live until after her claim was barred by the statute of nonclaim. This being so, any defense is available against the personal representative that existed against Anna D. Moore. * * *"

The pleadings in the instant case reveal that plaintiff's intestate was last exposed to silica dust on July 16, 1945, and that he died on February 16, 1949, not having filed suit against the defendant. By plea seven, the defendant raised the one year statute of limitations found at Tit. 7, § 26, Code 1940, as this court, in Ellis v. Black Diamond Coal Mining Co., supra, stated that it should be raised. (The one year statute of limitations relating to pneumonoconiosis in the Cumulative Pocket Part and listed as Tit. 26, § 313(10), has no application here).

We consider it settled in Alabama that under Tit. 7, § 123, Code 1940, there is no cause of action created at the death of the injured party, if at that time the injured party was unable to maintain a suit for personal injuries because the claim was barred by the statute of limitations. Moore v. Stephens, supra; Black Diamond Coal Mining Co. v. Ellis, supra; Woodward Iron Co. v. Craig, supra; 13 Alabama Lawyer 50, (article by Honorable W. E. Brobston, one of the able attorneys of record in the instant case). Although this may not be in accord with the weight of authority, note, 72 A.L.R. 1313, the present tendency is to so limit the action, note, 99 A.L.R. 259. The English rule is in accord with the rule in Alabama. Williams v. Mersey Docks & Harbour Bd. [1905] 1 K.B. 804—C.A.; British Electric R. Co. v. Gentile [1914] A.C. 1034—P.C. Thus, it logically follows that there was no error in overruling plaintiff's demurrer as directed to plea seven as an answer to count one of the complaint.

Appellant's assignment of error number 2 insists that the trial court committed error in overruling appellant's demurrer to appellee's plea seven as an answer to count two of the complaint as last amended. As previously noted, count two adopts count one and alleges that plaintiff's intestate did not know that he was suffering from silicosis until October, 1948. However, since assignments of error 1 and 2 are argued together, and they raise the same questions, no separate discussion of assignment of error 2 is necessary or required.

Appellant's last assignment of error, number 3, states that the trial court erred in overruling appellant's demurrer to appellee's plea seven as an answer to count three of appellant's complaint as last amended. Count three, as already stated, adopts count two and alleges that defendant knew that plaintiff's intestate had silicosis before July 16, 1945, and had a

duty to inform him of this fact; but fraudulently concealed it from him until the statute of limitations had run, thereby preventing plaintiff's intestate from suing the defendant.

These additional allegations in count three anticipate the defense of the statute of limitations which is pleaded in plea seven. "It is a general principle, both under the common-law practice and under modern procedural statutes and rules of practice, that a plaintiff's initial pleading need not, and should not, by its averments, anticipate a defense thereto and negative or avoid it, or negative the existence of defensive matters, or anticipate and negative matters which should come more properly from the other side; * * *." 71 C.J.S. Pleading § 84, p. 198. This rule has been expressed by this court in Mcharg v. Alabama Power Co., 201 Ala. 555, 78 So. 909, 910, as follows:

> "* * * The complaint should not anticipate the defense, and in doing so violates a plain rule of pleading. 4 Ency.Pl. & Pr. 614, and cases there cited. Therefore, if the complaint, after stating a good cause of action, anticipates an expected defense, it is liable to demurrer, * * *."

It is true that in actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit. Tit. 7, § 42, Code 1940. But this matter should be raised by special replication to plea seven and not by demurrer. See Tit. 7, § 234, Code 1940. In the case of Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22, the plaintiff alleged in his complaint that defendant had fraudulently misrepresented the boundaries of a piece of land to him. The defendant pleaded the statute of limitations. We said:

> "* * * In a way plaintiffs had alleged fraud in their complaint, but,

after the statute of limitations had been pleaded, they should have shown by replication how and when the facts constituting the alleged fraud were discovered. Gordon's Adm'r v. Ross, 63 Ala. 363; Henry v. Allen, 93 Ala. 197, 9 So. 579. * * *"

It follows that the lower court did not commit error when it overruled plaintiff's demurrer to defendant's plea seven as directed to count three.

The judgment of the lower court is due to be affirmed.

Affirmed.

LAWSON, STAKELY and GOODWYN, JJ., concur.