129 So.2d 682

LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY et al.

v.

James M. SPURGEON, Jr.

6 Div. 577.

Supreme Court of Alabama.

April 6, 1961.

Rehearing Denied May 18, 1961.

Lange, Simpson, Robinson & Somerville and Wm. L. Clark, Birmingham, for appellants.

Hare, Wynn & Newell, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a judgment awarding appellee damages for personal injuries sustained by him when struck by a train on July 20, 1955, at which time, he lost a leg and was otherwise injured. The judgment was for $12,500. A motion for a new trial was overruled.

This appeal is concerned only with assignments of error on rulings with reference to special plea four that the plaintiff executed a release of this claim for $500. The replications to the plea were to the effect that the release was void or invalid because (a) the plaintiff lacked mental capacity to contract when the release was signed; (b) the consideration for the release was shockingly inadequate; (c) the release was obtained by misrepresentation that the money was paid for something other than the consideration for a release and plaintiff did not understand that he was executing a release; (d) that plaintiff was under the influence of drugs and alcohol when the release was signed and was led to believe that the money was a gift, and (e) that when the defendants pleaded the release on December 4, 1956, the plaintiff, through his attorney, immediately offered to tender back the $500. The letter tendering the $500, with interest, and appellants' letter refusing the tender were made exhibits to the replications.

The case was tried in November, 1959, nearly three years after the tender was made in the pleadings.

Demurrers to the replications were overruled and defendants filed rejoinders to which plaintiff's demurrers were sustained. The rejoinders raised the principle contention by appellants that appellee "waited for an unreasonable length of time thereafter before tendering or offering to restore the consideration paid and recited in the release." Certain refused charges also raised the point that appellee waited an unreasonable length of time before he tendered the $500.

Both sides agree to the following propositions: (1) a release of a personal injury claim, given for a valuable consideration, cannot be rescinded without restoring or tendering the consideration, and (2) rescission of a release must be in toto and within a reasonable time after discovery of the facts giving the right of rescission. See Gilbert v. Wilson, 237 Ala. 645, 188 So. 260.

Pertinent dates are as follows: the accident occurred on July 20, 1955; the release was executed on September 8, 1955; plaintiff contacted Mr. Hare on October 28, 1955; the complaint was filed on November 22, 1955, together with interrogatories, which interrogatories made specific inquiry concerning the release; answer to interrogatories was filed April 23, 1956. On December 4, 1956, appellants announced they would plead the release, appellee's attorney offered tender, and on December 6, 1956, defendants declined in writing to accept it.

Appellee and a companion were drunk and were sitting or lying on the railroad

track, several hundred feet from a crossing, when appellee was struck by the train. After leaving the hospital, plaintiff was in the home of his father when J. A. Rumore, Claim Agent for the L. & N., brought the release and it was executed by appellee and witnessed by his father, sister and Rumore. The release contained the following statement, "and it is distinctly understood and agreed by me that the sole and only consideration inducing me to execute this release is the payment to me of the sum of money mentioned above." $400 of the consideration went to the hospital and doctors and the remaining $100 reimbursed appellee's father for the $100 which he had paid the hospital when his son was first brought there for treatment.

Appellants contend that it was necessary to tender back the consideration under the facts averred in the replications and that the tender actually made by the plaintiff was, as a matter of law, not within a reasonable time since it was not made until sixteen months after the execution of the release.

Appellants cite Stephenson v. Allison, 123 Ala. 439, 26 So. 290, 292, and Birmingham Railway, Light & Power Co. v. Jordan, 170 Ala. 530, 54 So. 280, as saying that the defrauded party must disaffirm the contract at the "earliest practical moment" after discovering the fraud. This court said in Beatty v. Palmer, 196 Ala. 67, 71 So. 422, 425, that the quoted expression meant that "the right to rescind must be exercised within a reasonable time, i. e., with due promptitude after the fraud is discovered, or might have been discovered by the use of due diligence."

We hold that under the facts here stated, the tender of the consideration received for the release was timely when made with the filing of plaintiff's reply to the plea in bar setting up the release.

We think the present situation is analogous to pleading the statute of limitations. In Ellis v. Black Diamond Coal Mining Company, 268 Ala. 576, 109 So.2d 699;

Id., 265 Ala. 264, 90 So.2d 770, we held that a plaintiff's initial pleading need not, and should not, anticipate a defense thereto and negative or avoid it, or anticipate and negative matters which should come more properly from the other side. Therefore, the statute of limitations, being an affirmative defense, must be specially pleaded, even when the complaint shows on its face that it is barred by the statute of limitations. As did the first Ellis case, we emphasize that the rule is different in equity.

In Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423, 428, it was said that it is generally regarded as good pleading not to anticipate a defense; and if the defense of compromise and settlement is pleaded, it is then that the plaintiff must respond to it. The court also said:

> "The restoration or offer of restoration is made in order to accomplish the avoidance of the release and is a condition precedent to doing so. Brotherhood of Railroad Trainmen v. Martin, 256 Ky. 436, 76 S.W.2d 269. We are of the opinion that the requirements and purposes of the tender are met if it is made when the party institutes his effort to vacate and set aside the contract of settlement or release, which is generally in a reply. We have recognized this as being in time. * * *."

To like effect, see Allison v. Chicago Great Western Ry. Co., 240 Minn. 547, 62 N.W. 2d 374; Gibson County Electric Membership Corp. v. Hall, 32 Tenn.App. 394, 222 S.W.2d 689; Crane Co. v. Newman, 111 Ind.App. 273, 37 N.E.2d 732; Bradley v. Washington Fidelity Nat. Ins. Co., 170 S.C. 509, 171 S.E. 243; Annotation 53 A.L.R. 2d 771, § 9.

Two cases cited by appellants are distinguishable. Kelly v. Louisville & N. R. R. Co., 154 Ala. 573, 45 So. 906, 908, is not in point. There the replication and tender were made three years after the release was pleaded, and "tender was not made until after the case was once tried in the lower court and was reversed by this court."

The tender was obviously not made within a reasonable time. In Barbour v. Poncelor, 203 Ala. 386, 83 So. 130, tender was never made. The replications show, as does the opinion, that the tender was not made in or with the replications.

Since all the argued assignments of error are concerned with the claim that the tender was not made within a reasonable time, and having held that the tender made in the replications to the plea of release was timely under the facts, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.