495 So.2d 532 (1986)
Thomas Edward MYERS, as Executor of the Estate of James Edward Herndon, Deceased
v.
GENEVA LIFE INSURANCE COMPANY, a Ryan Insurance Group Company, a Corporation, and U-J Chevrolet Company, Inc., an Alabama Corporation.
84-525.
Supreme Court of Alabama.
August 15, 1986.
*533 Joseph M. Matranga and Lionel C. Williams, Mobile, for appellants.
Wade B. Perry, Jr., Celia J. Collins, and W. Alexander Gray, Jr., of Johnstone, Adams, Howard, Bailey & Gordon, Mobile, for appellee Geneva Life Ins. Co.
Joseph C. Sullivan, Jr., and David A. Boyett III, of Hamilton, Butler, Riddick, Tarlton & Sullivan, Mobile, for appellee U-J Chevrolet Co., Inc.
BEATTY, Justice.
This is an appeal by Thomas Myers, as executor of the estate of James Herndon, from a judgment entered on a verdict in favor of the defendants, Geneva Life Insurance Company (Geneva Life) and U-J Chevrolet Co., Inc. (U-J Chevrolet), in a fraud action based on Geneva Life's refusal to pay benefits under a credit life policy issued to the deceased. We affirm.
The relevant facts are as follows: On or about May 31, 1979, the deceased, James Herndon, went to U-J Chevrolet in Mobile, Alabama, to purchase a pick-up truck. The salesperson with whom Herndon dealt was Linda Quinlan. Quinlan required Herndon to show her his driver's license, and from it she obtained information necessary for the completion of the customer's statement and the Motors Insurance Corporation (MIC) insurance application. Ms. Quinlan noted Herndon's age to be 67 years and informed him that he was too old to obtain credit life insurance. The reason for this was that the certificate of insurance issued by U-J Chevrolet through Geneva Life contained the following exclusion:
"Maximum age: No person is eligible for this insurance if based on the term of insurance and the person's age on the date of indebtedness either of the following limitations is exceeded (a) such person's age exceeds age 65 on the date of indebtedness or (b) such person will have passed age 69 on or before the scheduled maturity date of indebtedness, unless such indebtedness results from the renewal or refinancing of an indebtedness for which such person was previously insured by the above group policy. If the maximum age is passed before the covered indebtedness is extinguished, the insurance shall remain in force until the covered indebtedness has ended."
Although Herndon's driver's license reflected a birthdate of February 24, 1912, both the customer's statement and the MIC application show Herndon's date of birth to be February 24, 1914. Herndon signed both documents, certifying that the information contained therein was accurate and correct.
Relying on the information provided to him, Levon R. Turner, the finance and insurance manager at U-J Chevrolet, issued a credit life insurance policy to Herndon and gave him a certificate of insurance from Geneva Life, which was prepared by Turner and which incorrectly indicated Herndon's age as 64. That certificate contained the age exclusion set out above. The premium of $240.28 was paid, with that amount being included in the total amount financed by Herndon through General Motors Acceptance Corporation (GMAC) on the truck purchase.
James Herndon died November 21, 1980. Thomas Myers, as executor of Herndon's estate, submitted a claim on the credit life policy and included a copy of Herndon's death certificate, which indicated his date of birth as February 24, 1912. Geneva Life denied the claim because the death certificate demonstrated that Herndon was 67 years old when he purchased the credit life policy and therefore ineligible for coverage under the terms of the policy. Geneva rescinded the policy and refunded the premium to U-J Chevrolet, which, in turn, applied the amount of the premium to Herndon's debt to GMAC.
Thereafter, Myers, as executor, brought this action against Geneva Life, U-J Chevrolet, and GMAC, alleging two counts of fraud and one count of bad faith refusal to pay. Summary judgment was granted in favor of GMAC, from which no appeal was taken. The case proceeded to trial, during which the trial court granted motions for directed verdict filed by U-J Chevrolet and *534 Geneva Life as to the bad faith count. The fraud counts, however, were submitted to the jury, which returned general verdicts in favor of the defendants. The plaintiff's motion for new trial was denied, and this appeal followed.
The only issue raised is whether the trial court erred in submitting to the jury the question of whether Myers's action for fraud was barred by the applicable statute of limitations. The statute of limitations applicable to actions for fraud at the time this suit arose was Code of 1975, § 6-2-39.[1] Under this section, the limitations period was one year, subject to the exception found in § 6-2-3,[2] which provides:
"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."
Myers concedes that the fraud claims are based on an alleged fraud committed at the time of the issuance of the policy, and that the policy was issued more than one year next preceding the filing of the complaint. Nevertheless, Myers contends that "any action for recovery under the policyeither in contract or tortwould be premature if the action were brought during the life of the insured." (Emphasis added.) Thus, Myers argues that the cause of action did not accrue (i.e., that neither he nor Herndon was damaged) until Geneva denied the claim for benefits under the policy; therefore, he argues, the jury should not have been instructed on the statute of limitations, since the action was filed within one year of the denial of benefits. We disagree with this contention as to these claims for fraud.
The plaintiff's arguments would have merit if this were an action for breach of contract or bad faith refusal to pay.[3] Plaintiff's action, however, is based on fraud, which plaintiff claims consisted of selling Herndon a policy under which he was ineligible for coverage. Thus, the fraud alleged was in connection with the issuance of the policy, not with the subsequent refusal of the insurance company to pay benefits under the policy. Consequently, the fraud alleged existed independent of any denial of coverage later on. In Garrett v. Raytheon Co., 368 So.2d 516, 518-19 (Ala.1979), this Court explained as follows:
"The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action `accrues.' The cause of action `accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon.
"`We have held that the statute begins to run whether or not the full amount of damages is apparent at the time of the first legal injury. In Kelly v. Shropshire, 199 Ala. 602, 75 So. 291, 292 (1917), the rule was stated as follows:
"`"If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage [then apparent] however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of *535 action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered."'"
Under the facts of the instant case, Herndon suffered damages or "legal injury" as soon as he paid the $240.28 premium for a policy that afforded him no coverage. Thus, based on the allegations and evidence in this case, Herndon's prima facie case for fraud, including damages, existed at the time he purchased the credit life policy on May 31, 1979. See also National States Ins. Co. v. Jones, 393 So.2d 1361, 1368 (Ala.1980), where, in response to defendant's claim that plaintiff suffered no damages in fraud because the premium had been returned to her, this Court stated:
"Plaintiff suffered actual damage in several respects. She lost the time value of the money paid in premiums; she lost the opportunity to obtain other coverage by relying on the protection of these policies...."
Accord, Aetna Life & Casualty Co. v. Lavoie, 470 So.2d 1060 (Ala.1985). Furthermore, even "where the facts are disputed on the question of when plaintiff first suffered injury, the issue of whether the statute of limitations bars plaintiff's claim is for the jury." Federal Mogul Corp. v. Universal Construction Co., 376 So.2d 716, 723 (Ala.Civ.App.1979). For these reasons, we conclude that the trial court did not err in submitting to the jury the statute of limitations issue.
This Court perceives no conflict between the case at bar and Weninegar v. S.S. Steele & Co., 477 So.2d 949 (Ala.1985), a case decided by this Court after the briefs were filed in this cause. Suffice it to say that the statute of limitations issue presented in Weninegar concerned the accrual of a negligence claim for the failure to renew an insurance policy, whereas here we are concerned with a claim for fraud in connection with the issuance of an insurance policy.
We next consider whether the jury could have properly found the fraud claims to be time barred. The statute of limitations does not begin to run until the fraud is discovered. Fraud is deemed to have been discovered at the time of the discovery of facts which would provoke inquiry by a person of ordinary prudence and which, if followed up, would have led to the discovery of the fraud. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981); Papastefan v. B & L Construction Co., 385 So.2d 966 (Ala.1980). Furthermore, in Alabama, the question of when a plaintiff discovered an alleged fraud is properly a question for the jury. Osborn v. Johns, 468 So.2d 103 (Ala.1985); Sims v. Lewis, 374 So.2d 298 (Ala.1979).
In the present case, there was ample evidence from which the jury could have found that Herndon knew of or should have discovered the existence of any fraud in connection with his purchase of the credit life insurance. For example, Herndon was informed by the salesperson that he was too old to receive credit life insurance. He was also given a copy of the insurance certificate, which not only incorrectly reflected his age, but also clearly stated that persons over the age of 65 were ineligible for credit life insurance. Furthermore, Herndon signed both the customer's statement and the MIC application, attesting to their correctness, and both of these documents incorrectly stated his date of birth.
We find that, based on this evidence, the jury could have reasonably concluded that Herndon had knowledge of facts which should have put him on notice of any fraud in connection with the sale of the credit life insurance policy as early as May 31, 1979, when he actually purchased the policy. See Gonzales v. U-J Chevrolet Co., 451 So.2d 244 (Ala.1984). We further hold that the trial court correctly charged the jury concerning the statute of limitations defense. This defense was available to the defendants because a limitations defense that would have been available in an action by the deceased is also available against the deceased's personal representative. See Ellis v. Black Diamond Coal Mining Co., 268 Ala. 576, 109 So.2d 699 *536 (1959); Suell v. Derricott, 161 Ala. 259, 49 So. 895 (1909).
For the foregoing reasons, the judgment below is due to be, and it hereby is, affirmed.
AFFIRMED.
MADDOX and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES, J., concur specially.
ALMON, SHORES, ADAMS and HOUSTON, JJ., concur in the result.
JONES, Justice (concurring specially).
I concur specially to point out that the opinion addresses the statute of limitations issue only because that is the issue that was tried and submitted to the jury and is the issue raised and argued on appeal. In reality, however, this is not a statute of limitations case. Rather, the real issue is survivability. The only cause of action pleaded and presented at trial was the alleged misrepresentation practiced by Defendant on Herndon. No cause of action was filed during Herndon's lifetime; therefore, no tort action or cause of action survived his death. Code 1975, § 6-5-462. It follows, then, that the statute of limitations issue is immaterial. See Davis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala.1986).
TORBERT, C.J., concurs.
NOTES
[1] After this lawsuit was filed, § 6-2-39 was repealed, effective January 9, 1985. The actions governed by the one-year provision of § 6-2-39 were transferred to § 6-2-38 and are now governed by that section's two year limitations provisions. See Act 85-39, 1984-1985 Alabama Acts, Second Special Session.
[2] Also effective January 9, 1985, § 6-2-3 was amended to substitute "two years" for "one year."
[3] As explained above, verdicts were directed in favor of the defendants on the bad faith count, and plaintiff does not raise that as an issue on appeal.